The decision of the referee that such claim of the plaintiff was barred by an accord and satisfaction was correct, and hence the judgment which he ordered must be affirmed.

Judgment unanimously affirmed, with costs. All concur.

---

(74 App. Div. 505.)

. COLABEL v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. STREET RAILWAYS—PERSONAL INJURY—CHILD ON TRACK.
    In an action for personal injuries to a child by being struck by a street car while she was running across the street, the court properly refused to charge that "the motorman was not obliged to apply his brake before he observed that the child was in danger," as the instruction eliminated any question of negligence on the motorman's part in failing to discover the danger sooner than he did.
    Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Palma Colabel, an infant, against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Morris Guker, for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. On the 3d day of August, 1901, plaintiff, who was then 5½ years of age and concededly non sui juris, was struck by a south-bound electric car on the defendant's road at or near the intersection of Roosevelt street and Park Row, inflicting injuries the nature and extent of which are not in controversy. Park Row runs from Chatham Square southwesterly to Broadway. It is intersected from the southeast by Roosevelt street, and a little to the southwest of this intersection it is intersected from the northwest by Baxter street. Roosevelt street and Baxter street are each 25 feet in width, and the distance from the southerly line of Baxter street to the northerly line of Roosevelt street, measured along Park Row, is 97 feet. The defendant's motorman testified, in substance, that as he was passing over the northerly crossing of Roosevelt street it was down grade, and the car was going six or seven miles an hour, with no power on; that he had the slack of the brake taken up, and could stop his car within 30 feet; that at this time he saw the plaintiff and a larger child crossing Park Row from his left to his right, diagonally from a little below the southerly crossing of Roosevelt street toward Baxter street; that the children seemed to be together and were running; that the larger child stopped on the up track, but the plaintiff kept on and stepped upon the track when the car was within three or four feet

of her; that when he was on the north side of Roosevelt street, and saw the children running from the curb across the street, he applied the brake as hard as he could; that the child might have been struck 10 or 12 feet below the south crossing of Roosevelt street; that the car was stopped quickly, and the child was picked up 8 or 10 feet from the front of it.

The testimony of the motorman was not consistent. It was controverted by other evidence which tended to show that the plaintiff was running across the north-bound track, approaching the track on which she was struck, when the car was half a block or more than 100 feet away from her; that the car was proceeding at a very high rate of speed; that the motorman rang no bell and gave no warning and made no attempt to turn the brake or slacken the speed of the car until it struck the plaintiff; that the car did not stop until it reached the south corner of Baxter street; and that the plaintiff was struck on the southerly crosswalk of Roosevelt street, and within the lines of that street.

The court in its main charge fully and fairly instructed the jury with reference to the duty of the defendant and its motorman. At the close of the charge the court further instructed the jury, at the request of defendant's counsel, that the motorman was not bound to prevent an accident to the child, and that he was only bound to exercise ordinary care. Counsel for the defendant then requested the court to charge that "the motorman was not obliged to apply his brake before he observed that the child was in danger of being struck by the car," which request was refused, and the defendant excepted. The jury had not been instructed to this effect. This exception presents the only point raised on the appeal. We think the request was properly refused. It did not embrace a correct rule of law as applied to the facts as they might be found by the jury. It may well be that the motorman applied the brake as soon as he observed that the child was in danger of being struck by the car, but that is not the test of the defendant's liability. It was the duty of the motorman to apply the brake at such time as a person of ordinary care and prudence occupying the position of motorman, and exercising ordinary care in the discharge of his duties as such, would have applied it. The jury might well have found that had the motorman exercised proper care he would have discovered that the child was in danger sooner, and would have applied the brake before. The request as presented left the discovery of this danger entirely to the motorman, and eliminated any question of negligence on his part in failing to discover that the child was in danger sooner than he did.

It follows that the judgment and order should be affirmed, with costs.

PATTERSON, INGRAHAM, and HATCH, JJ., concur. VAN BRUNT, P. J., dissents.