## ALTENKIRCH v. NATIONAL BISCUIT CO.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—INJURIES TO TRAVELERS—COLLISION—NEGLIGENCE.

A driver of a truck collided with a buggy standing near a curb, in plain view for a long distance. The street was from 50 to 60 feet in width, and there was abundant room for the truck to pass. When the driver thought that an accident would occur, he swung his horses as soon as he possibly could; but the rear end of the truck struck the buggy. *Held,* that the collision was not unavoidable, though the pavement was wet, causing the truck to slew, but could have been avoided by slight care of the driver.

2. SAME.

A driver of a vehicle in a street must exercise care to prevent reaching a point from which he is unable to extricate himself without colliding with another vehicle; and, omitting such duty, the greatest vigilance on his part when the danger arises will not avail him.

3. SAME.

The rule that one who attempts to pass another in a highway going in the same direction has the right to do so in such manner as may be most convenient under the circumstances, and where damage results to the person passed the former must answer for it, unless the latter by his own carelessness brought the disaster on himself, is applicable to

one attempting to pass a standing vehicle which he approaches from the rear.

Appeal from Trial Term, Queens County.

Action by Eliza Altenkirch against the National Biscuit Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frederick B. Campbell (Henry S. Curtis, on the brief), for appellant.

George V. S. Williams, for respondent.

RICH, J.   On the morning of August 4, 1906, the plaintiff, accompanied by her 13 year old son, drove in a light, one-seated, one-horse, open buggy alongside the curb in front of a store where she intended making some purchases.   There were no other vehicles in that vicinity at the time, and there was nothing to prevent the plaintiff's horse and buggy being distinctly seen for a long distance from either direction.   While the plaintiff was giving an order two heavily loaded trucks, owned by the defendant and driven by its employés, approached the place where plaintiff's carriage was standing from the rear.   The first one passed safely.   The second collided with plaintiff's buggy, throwing her to the ground, and causing the injuries complained of.   The jury rendered a verdict for plaintiff for $6,000.

The driver of the rear truck, in describing the manner in which the accident occurred, testified:

"My leader, Mr. Horner, was ahead of me, and I— As I say, my horses' heads were about three feet behind him, and he swung a little by for to clear this lady's carriage.   I didn't realize what he had swung out for until my horses' heads were right pressed up on the rear wheels of this carriage.   Then I thought an accident was going to happen.   Then I swung my horses as soon as I possibly could.   In swinging so the tail end of my off wheel struck her near wheel."

The driver of the first truck testified that he made no turn to pass plaintiff; that there was plenty of room for him to pass between the car tracks and her buggy without colliding with it.   The street was shown to be from 50 to 60 feet in width between curbs.   The plaintiff's horse was standing still and did not move until the collision.   There was abundant room for defendant's truck to pass without colliding with her wagon, and the evidence establishes both negligence on the part of the driver of the truck and plaintiff's freedom from negligence contributing to her injury.

It is contended that the pavement was wet, and that the truck skidded or slewed as its driver pulled out to pass, bringing it in contact with plaintiff's buggy, from which it is argued that the accident was inevitable and unavoidable.   This contention cannot be sustained.   If the pavement was wet, that fact was known to the driver, and he had the whole width of the street for use in passing.   Whatever element of danger the wet pavement presented, its risk was assumed by the driver when he attempted to pass.   The wet condition of the pavement was not a condition causing or resulting in an inevitable or un-

avoidable accident, but a condition demanding of the driver greater care and vigilance in the attempt he was about to make. It was his duty to exercise care and foresight to prevent reaching a point from which he was unable to extricate himself; and, omitting this duty, the greatest vigilance and care on his part when the danger arises will not avail him. Austin v. The New Jersey Steamboat Co., 43 N. Y. 75, 3 Am. Rep. 663. The accident was not unavoidable or inevitable, but could have been avoided by the use of a slight degree of care and foresight by defendant's driver by crossing to the center or other side of the street before reaching plaintiff, or, when he was too close to her wagon to do so safely, by stopping his horses, which were walkin acquainting her with the conditions, and suggesting that she drive ahead a sufficient distance to permit him to pass with safety.

Another rule of law applicable to this case is that he who attempts to pass another in a highway, going in the same direction, has the right to do so in such manner as may be most convenient under the circumstances, and, if damage result to the person passed, the former must answer for it, unless the latter by his own recklessness or carelessness brought the disaster upon himself (Elliott on Roads and Streets [2d Ed.] § 833,. and cases cited); and this rule is as applicable to one attempting to pass a standing vehicle, headed in the same direction, which he approaches from the rear, as it is to a vehicle in motion traveling in the same direction. In pulling his team further out into the street and attempting to pass plaintiff at a time when his nearness to the wagon in which plaintiff was sitting caused him to think that an accident was going to happen, it was at his peril. He assumed all apparent risk of passing safely.

The judgment and order must be affirmed, with costs. All concur.