ALFONSO RIVISTO, Appellant, *v.* AGNES HELLER, Respondent.

First Department, February 18, 1938.

*Benjamin H. Siff* of counsel [*Jacob J. Gussak*, attorney], for the appellant.

*Joseph F. Hanley* of counsel [*John W. Trapp*, attorney], for the respondent.

O'MALLEY, J. The plaintiff was struck by the defendant's automobile while crossing York avenue from east to west on the southerly crosswalk of East Seventieth street in the city of New York.

His evidence, consisting of his own testimony and that of two disinterested witnesses, was to the effect that he left the easterly curb when the traffic lights were in his favor; that he had passed in front of and was about twelve feet to the west of a north-bound automobile which was waiting for a change of lights in favor of north- and south-bound traffic, and had reached the center of the street just as the lights changed; that he then hastened forward, but was hit by the defendant's automobile which came from the south at a speed of from thirty to thirty-five miles an hour (without signal by horn or other warning), after it had swerved sharply to the left, then immediately to the right, in passing the car in front of which the plaintiff had passed; that after hitting the plaintiff and throwing him in a northwesterly direction, the defendant's car continued to the center of the block between East Seventieth and East Seventy-first streets before it stopped.

While admitting that plaintiff started to cross when the traffic lights were in his favor, defendant's evidence tended to show that on reaching the center of the street and as the traffic lights changed the plaintiff became confused and started to retrace his steps in an easterly direction, stepping directly in the path of the defendant's car.

The appeal is predicated upon the ground that the trial justice committed reversible error in charging at the end of the main charge the following request of defendant's counsel: " I ask your Honor to charge the jury that if they find that the defendant did all that a reasonable prudent person could do when she saw the plaintiff step out from in front of the stopped car to avoid the accident, their verdict must be for the defendant."

The defendant testified that she saw the plaintiff for the first time when he was only twelve feet distant. The instruction given, therefore, had the effect of making the defendant's conduct subsequent to the time when she first saw the plaintiff, the test of her liability. It eliminated from the jury's consideration her prior alleged acts of negligence, which placed her in a position where the accident became inevitable. The charge complained of, therefore,

was clearly erroneous. (*Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 75; *Colabel* v. *Metropolitan Street R. Co.*, 74 App. Div. 505; affd., 173 N. Y. 627; *City of New York* v. *Metropolitan Street R. Co.*, 90 App. Div. 66; affd., 182 N. Y. 536; *Altenkirch* v. *National Biscuit Co.*, 127 App. Div. 307.)

As already noted, plaintiff's evidence tended to show that defendant approached the crossing at a high rate of speed in the circumstances, without blowing her horn and at a time when the car she was attempting to pass on her right had stopped in favor of east- and west-bound traffic and was about to proceed when the lights changed in its favor.

In thus deciding we have not overlooked the defendant's contention that when the request is considered in connection with the charge as a whole, reversible error was not committed.

It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.