## FIRST DEPARTMENT, JANUARY, 1922.

THOMAS FINNEGAN, Appellant, v. JOSEPH G. MAYER and MILLY FRANK MAYER, Respondents.

*Motor vehicles — action to recover for injuries received by pedestrian while crossing street — sufficiency of evidence — instructions.*

Appeal by plaintiff from a judgment of the Supreme Court, entered in the New York county clerk's office June 29, 1921, upon the verdict of a jury in favor of defendant Joseph G. Mayer, and upon an order dismissing the plaintiff's complaint as against the defendant Milly Frank Mayer at the close of the entire case.

Judgment affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Smith, Merrell and Greenbaum, JJ.; Smith and Greenbaum, JJ., dissenting.

GREENBAUM, J. (dissenting): The action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of his being knocked down by an automobile owned or controlled by the defendants. The testimony undisputedly established that the automobile which struck plaintiff was owned by the defendant Milly Frank Mayer, the wife of the codefendant Joseph G. Mayer. The car, however, was operated by a chauffeur who was employed by defendant Joseph G. Mayer, and whose duty it was to drive the car for any member of his family. At the time of the accident Mrs. Mayer was in the car on the way to Altman's, Thirty-fourth street and Fifth avenue. The complaint was properly dismissed as against her. (*Potts* v. *Pardee,* 220 N. Y. 431.) The main legal question urged by appellant arises from the differences in the testimony of plaintiff's and defendants' witnesses with respect to the place where the accident occurred. The accident happened at or near the crossing on Fifth avenue and Fifty-third street.

In his complaint and bill of particulars the plaintiff alleges that the accident happened " at or about Fifth avenue and Fifty-third street." The plaintiff's testimony was to the effect that he was hit by defendants' car as he was crossing Fifth avenue in an easterly direction about from three to five feet south of the southwest crossing of the avenue and Fifty-third street. It was established without contradiction that he was struck by the left forward wheel of defendants' car, indicating that he had almost passed safely in front of the car before he was thrown down. Plaintiff's version of the accident was substantially corroborated by a Mrs. Jepson, who at that time was about to cross from the southwest corner of Fifth avenue to the southeast corner. Her testimony as recorded offers a striking illustration of the varying opinions of different individuals in the matter of estimating distance. The witness was asked to state how far from the corner plaintiff was when he was crossing Fifth avenue, to which she replied: " I guess from here to about that chair " (indicating). The Court: " From here to the chair, that is about ten feet, isn't it, gentlemen?" The Foreman: " Six feet." There was thus a difference of opinion between the court and the foreman of four feet concerning a comparatively short distance. The chauffeur who drove the car testified that the plaintiff was struck at a point about fifty-five feet south of the Fifty-third street crosswalk. He was the only witness who testified to any such distance. A police officer named Donnelly who did not see the accident, but who reached the scene immediately thereafter, testified that he saw the plaintiff lying on the street " about thirty-five feet south of Fifty-third street." Another police officer named Sullivan, who also approached the scene after the accident, testified that he thought that the defendants' car was then " about thirty feet from the crosswalk — twenty-five feet from the crosswalk." Another officer, McGowan, said that it was about thirty-five feet from the crosswalk, and the defendant Mrs. Mayer thought it was about forty feet from the crosswalk. A survey introduced in evidence by the defendants shows that the width of the Fifty-third street southerly sidewalk from curb to house line is about fifteen feet; that the pavement of Fifth avenue is asphalt; that there is an electric light pole on the Fifth avenue curb about fifteen feet from the corner; that the southwest corner of Fifth avenue and Fifty-third street is a curved corner, and that there was nothing on the pavement which marked off or indicated where the crosswalk was. Under the circumstances the crosswalk was an undefined space, uncertain as to width and as to the distance of its northerly side from the southwest corner of Fifty-third street and Fifth avenue. No witness was asked, when he spoke of the crosswalk, as to where he assumed it began, or what its width was. It is a matter of common knowledge that on the trial of negligence cases witnesses differ greatly upon the question of distance, doubtless due to the fact that one is apt to give scant heed to such a matter at the time of the happening of the accident, and also to the fact that most witnesses seem to lack the ability of fairly approximating distances. In the course of his charge the learned trial justice said: " The plaintiff must stand or fall upon his own theory of the case. He says he was crossing Fifth avenue at or near the crosswalk, or where the crosswalk would ordinarily be. The law is not so narrow as to measure to within inches just what space it is that comprises the crosswalk. The law is reasonable. It is broadminded, and any space of 10, 12 or 15 or more feet, depending upon the circumstances, that connects the end of the sidewalk on that side of the avenue to the end of the sidewalk on this side,

would be called the crosswalk. But when you get 35 feet south of the crosswalk or 55 feet south of the crosswalk, or any such distance as that, you are not on the crosswalk. The plaintiff says he was injured at or near the crosswalk. I will say now that if you find that this accident occurred 55 feet south of the crosswalk, your verdict will be for the defendant." The court further said in its charge: " He [meaning plaintiff] says that he was coming along Fifty-third street and crossing the avenue about there. Mrs. Jepson says that is about where he was crossing. If he was crossing 55 feet down, that is not at the crossing, and your verdict will be for the defendant." Later on the court said: " Now the plaintiff's claim is that the driver of the machine was negligent. I am going to eliminate anything that was said to have occurred down to 25 or 55 feet south of the crossing, because if the accident occurred there, your verdict will be for the defendant." Further on the court said in his charge: " There are the three questions: *First*, where did the accident occur? And if it occurred in the middle of the block, or 55 feet, or such distance away from the crossing, your verdict will be for the defendant." Plaintiff's attorney excepted to the charge wherein the court said in substance or in effect that if the accident happened twenty-five or fifty-five feet from the crossing, the verdict must be for the defendant " on the ground that that is not the theory." The court thereupon stated: " I do not care what your theory is. Take your exception. This is not the time for speech making. This is the time for requests to charge." Counsel for plaintiff then requested the trial justice to charge the jury " that a person on foot desiring to cross a city street, has the right to cross not only at a crosswalk, but wherever he pleases, and one driving a vehicle upon the street is bound to be watchful at all points as well as at all crossings so as not to injure the persons crossing." The Court: " I refuse to charge, because I have already charged it," to which the plaintiff's counsel excepted. As a matter of fact the court had not charged anything as to the right of pedestrians to cross at any part of the street. In our opinion the learned trial justice erred when he held that if the accident happened beyond twenty-five feet south of the crosswalk, then as matter of law the verdict must be for defendants. The theory of the action pleaded by the plaintiff was that while crossing from the southwesterly side of Fifth avenue to the easterly side thereof, at some distance south of Fifty-third street, he was injured through the sole negligence of the defendants' chauffeur. It was not necessary for the pleader to allege the precise spot at which the accident happened. The word " at " is of " extremely various use." (5 C. J. 1420–1422; 1 Words & Phrases [2d Series], 342.) Where witnesses differ as to the particular place where the accident happened, it becomes the duty of the court to charge the jury as to the respective obligations and duties of the chauffeur of the car and the pedestrian at a crossing and between crossings. In other words, if the accident happened between crossings, a higher degree of care on the part of the plaintiff was required in looking out for passing and approaching vehicles than at crossings, and a less degree of vigilance would be expected on the part of the chauffeur in looking out for pedestrians between crossings than at crossings. Defendants were not misled by the plaintiff's pleading, nor did they claim that they were taken by surprise. The judgment so far as it dismisses the complaint as to the defendant Milly F. Mayer should be affirmed, without costs, and the action severed, and a new trial ordered as to the defendant Joseph G. Mayer, with costs to the appellant to abide the event. Smith, J., concurs.