LOUIS MARANTA, as Administrator, etc., of MARY MARANTA, Deceased, Respondent, v. MAX WENZELBERG, Appellant, Impleaded with DOMENICO CALDIERO, Defendant.

First Department, June 21, 1934.

*Frederick Mellor*, attorney, for the appellant.

*Sol A. Hyman* of counsel [*Hyman & Hyman*, attorneys], for the respondent.

O'MALLEY, J. Plaintiff's intestate was clearly guilty of contributory negligence. She stepped from behind an elevated pillar directly into the path of a south-bound delivery truck when the lights were in favor of north- and south-bound traffic. In an effort to avoid an accident the driver of this vehicle turned sharply to the left. In so doing, plaintiff's intestate, caught between the right front mud guard and the bumper, was thrown to the east onto the north-bound car tracks. The delivery truck was brought to a stop on these tracks, facing east.

At the moment of the accident the defendant's truck was approaching from the south on the north-bound tracks. It collided with the right side of the delivery wagon, and plaintiff's evidence tended to show that its front wheel passed over decedent's body.

Negligence on the part of the defendant was not established. While the evidence tended to show that defendant's chauffeur saw the decedent step from behind the pillar when he was some forty or fifty feet distant, he was not bound to anticipate at that moment, even though an accident was imminent, that it would result in the decedent being thrown from a point on the south-bound tracks to the north-bound tracks. After this occurred, the evidence showed that the defendant's chauffeur did all possible to avoid the accident. The doctrine of " the last clear chance " is not applicable. (*Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206.)

It follows, therefore, that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.