PETER URALSKY, Appellant, *v.* WILLIAM E. GRIBBON, Respondent.

First Department, December 7, 1934.

*John C. MacCarthy* of counsel [*Bose & MacCarthy,* attorneys], for the appellant.

*Irving I. Goldsmith* of counsel [*Monroe Collenburg* with him on the brief; *Adolph Bruenner,* attorney], for the respondent.

GLENNON, J. This action was brought by plaintiff to recover damages for personal injuries sustained as a result of being struck by defendant's automobile. It was the contention of the plaintiff that the accident occurred solely as a result of defendant's negligence. The defendant, on the other hand, insisted that he operated his automobile in a prudent manner, and that the accident was due to the fault of the plaintiff. The jury rendered a verdict in favor of defendant.

After the main charge of the court was finished, the attorney for the defendant made the following request: " Mr. Bruenner: Yes, I ask your Honor to charge the jury that if the jury find that this accident happened at a place other than the crosswalk, then the plaintiff has failed to sustain his burden of proof and the verdict must be for the defendant. The Court: So charged." An appropriate exception was noted. This incident took place immediately before the jury retired. We believe in so charging, at defendant's request, the court inadvertently fell into error.

We know from experience that the crosswalk, so called, ordinarily has, in the city of New York, no lines of demarcation. If the accident occurred a few inches north or south of the place which has been designated as the crosswalk, then, under the ruling of the court, the plaintiff could have had no recovery even though the defendant was negligent in the operation of his automobile, and the plaintiff was free from contributory negligence.

We do not believe that the case of *Finnegan* v. *Mayer* (200 App. Div. 855), in which it might be noted that two of the justices dissented, is controlling upon the point here involved. The dissenting opinion of Mr. Justice GREENBAUM in that case shows clearly that the factual situation there was entirely different from that in this case.

While it is true that the plaintiff stated on cross-examination that the accident occurred on the crosswalk, and that immediately thereafter he was " about 15 feet north from the crosswalk where I walk," still he was not asked to define what he meant by the term " crosswalk," or what particular area of the roadway it covered. Plaintiff's testimony should be read in connection with that of Bert Edward Phillips, a witness called in his behalf who said in part: " Kingsbridge Road and Jerome Avenue is a very peculiar corner. The crosswalk is a good bit further on the east

side than it is on the west side." It is fair to assume that what the witness meant was that the sidewalk on the north side of Kingsbridge road on the westerly corner was out of alignment with the sidewalk on the north side of Kingsbridge road on the easterly corner. Phillips was asked on cross-examination the following question: "You say that this accident happened 15 feet north of that crosswalk, don't you?" and his answer was: "I did." In other words, this witness fixed the scene of the accident as some few feet north of the place he designated as the crosswalk. There was one point, however, upon which the plaintiff and both his witnesses agreed, and that was that the defendant's car, which was north-bound, struck the plaintiff while he was over on the south-bound side of the street.

We have pointed out that under the law as charged pursuant to defendant's request, if the defendant negligently drove his car on what is frequently called the wrong side of the street, plaintiff, although free from contributory negligence, still would not be entitled to recover from the defendant for the injuries he sustained. (See *Barker* v. *Paulson*, 116 N. Y. 660; reported in full, 22 N. E. 959.)

Defendant urges that in any event the plaintiff was guilty of contributory negligence as a matter of law. There is no substance to that point. Plaintiff testified: "I looked south before I started crossing the roadway. * * * After I passed the center of the road, I looked north." In answer to a question on cross-examination which referred to the north-bound traffic he said that the first car in the line was half a block away. He was asked, "How many feet do you say the first car in this line of cars was from you, how many feet was it? A. 20, 25 feet, maybe 30 feet. Half a block, anyway. I cannot measure. Half a block is maybe 50 feet away. I am sorry I cannot tell you exactly how many feet, because I never measured it." The testimony adduced on behalf of plaintiff was that defendant's car, which was second in line, attempted to pass the first car, and in that way plaintiff received his injuries after he was on the west side of Jerome avenue.

In *Knapp* v. *Barrett* (216 N. Y. 226, 230) Judge CARDOZO said: "A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger (*Barker* v. *Savage*, 45 N. Y. 191). The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he starts to cross, and the way seems clear, he is not bound as a matter of law to look again. The law does not even say that because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is

close upon him; and whether he is negligent in going forward, will be a question for the jury. If he has used his eyes, and has miscalculated the danger, he may still be free from fault (*Buhrens* v. *Dry Dock, E. B. & B. R. R. Co.*, 53 Hun, 571; 125 N. Y. 702).''

If we apply, as we must, that principle of law to the facts in this case we reach the conclusion that the questions of fact were properly submitted to the jury.

We believe that the error in the charge was substantial and requires that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

TOWNLEY and UNTERMYER, JJ., concur; FINCH, P. J., and MERRELL, J., dissent and vote for affirmance.

MERRELL, J. (dissenting). Plaintiff brought this action to recover for personal injuries which he claims to have sustained when struck by defendant's automobile negligently driven. The accident occurred on Sunday, September 7, 1930, at about half past six or a quarter to seven o'clock in the evening. On the occasion in question the plaintiff, who was a taxicab driver, was crossing Jerome avenue at Kingsbridge road in the county of Bronx. At this point Kingsbridge road and Jerome avenue intersect each other at right angles. Kingsbridge road runs in an easterly and westerly direction, and Jerome avenue, northerly and southerly. The plaintiff, appellant, testified that he parked his taxicab on the west side of Jerome avenue about twelve feet north of Kingsbridge road, and went to a cigar store on the north side of Kingsbridge road east of Jerome avenue; that he walked back toward his cab and came to the curb on the east side of Jerome avenue. At that time traffic was running north and south on Jerome avenue. Plaintiff testified that, before crossing, he looked south and saw a line of cars coming toward him, the first of which was about sixty feet away; that he started to cross Jerome avenue on the northerly crosswalk of Kingsbridge road and reached the center of the avenue; that he then looked to the north and, seeing no cars approaching from that direction, proceeded to cross the west half of Jerome avenue; that he had gone but four or five feet when he heard a motor running and, turning, saw the car of the defendant immediately behind him, and that he was immediately struck. Plaintiff testified that the defendant's car was the second one in the line of the cars approaching from the south, and that it turned out into the south-bound lane in attempting to overtake the first car, when he was hit. Plaintiff testified positively that he was still on the crosswalk when he was struck and that he was thrown or carried fifteen feet north by the impact.

Two witnesses were called by plaintiff to support his story. Both of these witnesses were acquaintances of the plaintiff and fellow-taxicab drivers who, for a long time, had occupied positions in the same line of parked taxicabs with the plaintiff. The first of these witnesses, Phillips, testified that he heard brakes grinding, and that he saw the car hit the plaintiff, and that he picked him up fifteen feet north of the northerly crosswalk of Kingsbridge road across Jerome avenue. It is clear, from the testimony of the witness Phillips, that he did not actually see the accident, but, as he testified, he saw the plaintiff and car fifteen feet northerly of the crosswalk after hearing the grinding of the brakes, and that he picked up the plaintiff at this point fifteen feet north of the crosswalk. Phillips testified that the point where he picked the plaintiff up was not on the crosswalk, " it was probably not any more than about fifteen feet from the crosswalk  *  *  *  north of the crosswalk."

Plaintiff's other witness, Armanino, testified that, seated in his parked taxicab on the westerly side of Jerome avenue north of Kingsbridge road, he saw the plaintiff start to cross Jerome avenue on the northerly crosswalk of Kingsbridge road; that when the plaintiff had reached a point two or three feet west of the center of the roadway he saw a line of cars coming north on Jerome avenue; that the leading car at that time was approximately fifteen feet away from the plaintiff, and that the second car in the line struck plaintiff and threw him ten to fifteen feet north and west of the crosswalk. Some doubt is thrown upon the truth of the testimony of plaintiff's witnesses Phillips and Armanino that they saw the accident from the fact that neither of them gave his name to the traffic officer then on duty, who testified that he took the names of those present. The witness Armanino testified positively that the plaintiff was on the crosswalk when he was struck. Armanino testified that at this point Jerome avenue was approximately fifty feet in width. Armanino testified that immediately after the accident he saw the plaintiff lying on the ground " about fifteen feet from where he was hit." He testified: " Q. Now, when the automobile hit him, it threw him through the air a distance of fifteen feet, is that right?  A. Between throwing and rolling, about fifteen feet.  Q. It threw him and rolled him fifteen feet, is that right?  A. From where he was hit to where he was picked up was fifteen feet.  Q. Of course, the automobile threw the man ahead of it, didn't it?  A. Ahead and to the side." The testimony of plaintiff's witnesses Phillips and Armanino coincides in all respects to the testimony of the plaintiff that he was struck while upon the crosswalk. The plaintiff was asked the following questions and gave the following answers: " Q. Where were you crossing the street?  A. Right on the

crosswalk.   Q. You were crossing the street on the crosswalk?   A. Absolutely.   Q. On the crosswalk?   A. Absolutely." On cross-examination plaintiff was asked: " Q. When the accident was over, after you and the automobile came together, where were you and where was the automobile?   A. I don't see any automobile at this time.   Q. Where were you and where was the automobile?   A. Where I was, I know.   Q. Where were you?   A. About fifteen feet north from the crosswalk where I walk.   Q. Now, you say that the front bumper hit you, don't you?   A. Yes.   Q. And you say that when you were hit, you were at the crosswalk, is that right?   A. Yes, sir.   Q. And after the accident was over, you say you were fifteen feet north of the place where you were hit?   A. Absolutely.   Q. In other words, this automobile threw you fifteen feet through the air?   A. Yes, sir, that is true." The foregoing was the entire testimony in behalf of plaintiff as to the point where the accident occurred, and, according to the plaintiff's testimony, the accident occurred while the plaintiff was walking on the crosswalk.

As against this testimony, the defendant testified that as he was driving north on Jerome avenue above Kingsbridge road he first noticed the plaintiff out in the roadway about fifty feet from the corner of the sidewalk; that the plaintiff was standing in the roadway when the defendant first saw him about eight feet ahead of the defendant's car; that his back was towards the south and that he then stepped backwards into the direct path of the defendant's automobile, the left front fender of which struck the plaintiff; that the defendant immediately stopped his car, and the plaintiff was then lying immediately to the left of the left front wheel of his car. Defendant testified that he was proceeding at the time about ten or twelve miles an hour, and that he could bring his car to a stop, at the rate of speed he was traveling, within two or three feet, and that he did stop it within that distance.   Defendant testified that immediately after plaintiff was struck defendant started to walk toward the traffic officer who was stationed at Kingsbridge road and Jerome avenue; that he met the officer coming towards him.

The traffic officer, Harris, testified that he was on duty at the time of the accident and was relieving the regular traffic man at Kingsbridge road and Jerome avenue and was directing traffic at that point; that traffic at the time was very heavy; that just before the accident he had held up east and west traffic, and that traffic was going north and south on Jerome avenue; that he noticed traffic was stopped, and then started to walk up to see what was the trouble, and that he met the defendant, who told him that there was an accident.   Traffic Officer Harris testified that he found the plaintiff and the defendant's car about fifty feet north of the cross-

walk of Jerome avenue and Kingsbridge road, and that he helped the plaintiff into a nearby armory. The traffic officer testified that he inquired if any one had witnessed the accident, but obtained the names of neither Armanino nor Phillips. The traffic officer testified that he reported the accident as happening fifty feet north of the northerly crosswalk.

Thus the evidence presented a sharp question of fact as to where the accident occurred, the plaintiff and his witnesses placing the point of impact on the northerly crosswalk of Kingsbridge road. Plaintiff and his witnesses were most positive in their testimony that the plaintiff was struck while on the crosswalk. As against this, the jury had before it the testimony of the defendant and the traffic officer that the accident occurred fifty feet northerly of the crosswalk. In this respect the jury was called upon to determine where the accident occurred. The plaintiff, to entitle him to a verdict, was called upon to satisfy the jury that the accident occurred at the crosswalk and not at a point fifty feet northerly therefrom. The jury undoubtedly believed the testimony of the defendant and of the traffic officer that the accident happened fifty feet north of the crosswalk.

But two grounds are urged by plaintiff upon this appeal for reversal of the judgment and the granting of a new trial. These two grounds were for alleged errors committed by the trial justice in submitting the issue to the jury. I think, under the testimony in the case, there is no substance whatever to either complaint of the plaintiff. The appellant first claims that the trial justice erred in charging the jury that if, after considering the evidence, " you are in doubt as to which side is entitled to your verdict," the verdict should be for the defendant. A reading of the charge clearly shows that the court was entirely within its rights in giving such instructions to the jury. In this respect the court, in charging the jury, used the following language: " The burden of proof does not mean, nor is it intended to mean the number of witnesses. It means the quality rather than the quantity of the testimony.

" By a fair preponderance of credible evidence is meant such an amount of evidence as when measured by that opposed to it carries truth and conviction to your minds.

" If after carefully considering all the evidence, you are in doubt as to which side is entitled to your verdict, you should then find in favor of the defendant because in that event the plaintiff has failed to sustain the burden of proof."

The above-quoted charge was entirely proper and a correct exposition of the law. No error was committed in such charge.

The second ground upon which the appellant seeks reversal was the granting of a request made by defendant's counsel, as follows: " I ask your Honor to charge the jury that if the jury find that this accident happened at a place other than the crosswalk, then the plaintiff has failed to sustain his burden of proof and the verdict must be for the defendant. The Court: So charged."

Under the evidence in the case this charge was entirely proper. As before stated, the testimony on the part of the defendant was that the accident occurred at a point fifty feet north of the corner. The defendant testified that he crossed Kingsbridge road and when he was about fifty feet north of the corner he saw the plaintiff, appellant, in the center of the road facing the north eight feet in front of him; that the plaintiff very suddenly stepped back right in the path of the respondent's car and was struck down by the left front fender. The testimony of the traffic officer fully corroborated that of the defendant as to the point where the accident occurred. The appellant insists that the court erroneously charged the jury that if it found that the accident happened at a place other than the crosswalk the plaintiff had failed to sustain his burden of proof and that the verdict must be for the defendant. Under the proofs in this case such charge was entirely correct. Plaintiff could only succeed if he established to the satisfaction of the jury that the accident happened at or near the crosswalk and not at a point fifty feet northerly therefrom. There might be some point to the contention of the appellant that the defendant should be held liable if he was struck a foot or a short distance from the crosswalk. The difficulty of this position is that the plaintiff's testimony was positive and reiterated that the accident occurred while the plaintiff was crossing Jerome avenue *on the northerly crosswalk* of Kingsbridge road. The very criticism of the court's charge in this case arose in the case of *Finnegan* v. *Mayer*, which passed through this court (200 App. Div. 855). This court held in the *Finnegan* case that the charge of the court that if the accident occurred in the middle of the block or fifty-five feet or any such distance from the crossing, the plaintiff could not recover. In that respect the court charged the jury in the *Finnegan* case as follows: " He says that he was coming along 53rd Street and crossing the avenue about there. Mrs. Jepson says that is about where he was crossing. If he was crossing 55 feet down, that is not at the crossing, and your verdict will be for the defendant. The burden is upon the plaintiff to prove by a fair preponderance of the credible testimony that the accident happened at or near that crossing. It is not for the defendant to prove that it happened elsewhere." The court further charged the jury: " Now the plaintiff's claim is that the driver of the machine was negligent. I

am going to eliminate anything that was said to have occurred down to 25 or 55 feet south of the crossing, because if the accident occurred there, your verdict will be for the defendant. You must find by a fair preponderance of the credible testimony that it occurred at the crossing before you need go any farther." The court further charged the jury: " But when you get 35 feet south of the crosswalk or 55 feet south of the crosswalk, or any such distance as that, you are not on the crosswalk. The plaintiff says he was injured at or near the crosswalk. I will say now that if you find that this accident occurred 55 feet south of the crosswalk, your verdict will be for the defendant. The very least we have the right to expect of one who comes in here asking us to give him the money of another is, that he tells us a straight, honest story from his own mouth, and through the mouth of the witnesses he calls here. If he is lying to us of course, he is entitled to no consideration at our hands." Finally, the court, in the *Finnegan* case, charged as follows: " I think that is about all I need to say, gentlemen. There are the three questions: First, where did the accident occur? And if it occurred in the middle of the block, or 55 feet, or such distance away from the crossing, your verdict will be for the defendant." The charge of the court in the *Finnegan* case was much stronger than that in the case at bar, and yet this court held that the court's charge was free from error under the circumstances of that case. I find no distinction whatever between the *Finnegan* case and the case at bar. If the plaintiff recovers at all it must be in accordance with his testimony and the evidence at the trial. The jury might well have believed the testimony of the defendant and the traffic officer that the accident occurred, not at the crosswalk, but fifty feet northerly therefrom. If such was the case, then there was no error in the court's charge to the jury.

Another ground why the judgment appealed from should be affirmed lies in the fact that, under the plaintiff, appellant's testimony and that of his witnesses, plaintiff is shown to have been guilty of contributory negligence as matter of law. Plaintiff testified that as he started to cross Jerome avenue he saw a line of north-bound cars coming toward him, the first car in the line being between thirty and sixty feet away. He did not wait until traffic was stopped on Jerome avenue, but started to cross in front of the approaching cars. On cross-examination plaintiff admitted that after first seeing the approaching automobile sixty feet away he walked thirty-five feet before being struck. Plaintiff's witness Armanino testified that when plaintiff had crossed two or three feet westerly of the center of Jerome avenue, the leading car of the traffic approaching from the south was fifteen feet away from the

plaintiff, and that the second car cut out of line and struck plaintiff. Plaintiff knew that traffic was running north and south; that a line of cars was approaching from the south when he attempted to cross Jerome avenue, and that when he reached the westerly roadway the line of cars was within fifteen feet of him. Plaintiff testified that he did not look, but heard a motor running immediately behind him and he was struck. Under such circumstances, plaintiff was guilty of contributory negligence as matter of law. (*Maranta* v. *Wenzelberg*, 241 App. Div. 420.) The learned justice presiding at the trial correctly charged the jury that, in order to recover, the plaintiff must satisfy the jury by a fair preponderance of the credible evidence that he sustained the injuries complained of by reason of the negligence of the defendant and " *that he was free from contributory negligence.*" Even if the testimony presented a question of fact as to the negligence of the plaintiff contributing to the accident, the jury, under the testimony, was justified in finding, as it apparently did, that the plaintiff himself was not free from negligence, and that his negligence in some degree contributed to the accident. In my opinion, no error was committed by the trial justice in charging the jury, and under the evidence the jury was justified in returning a verdict for the defendant.

The judgment appealed from should be affirmed, with costs to defendant, respondent, against plaintiff, appellant.

FINCH, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.