CAROLINE I. DUFFIELD, Respondent, *v.* NEW YORK CITY OMNIBUS CORPORATION and PATRICK CONNIFF, Appellants, Impleaded with ISIDORE BECKELMAN, Defendant.

First Department, May 31, 1940.

*Joseph L. Zelaskow* of counsel [*Henry J. Smith*, attorney], for the appellants.

*Theodore Kiendl* of counsel [*Bernard Braun* with him on the brief; *Carmody, Roth & Mayer*, attorneys], for the respondent.

GLENNON, J.  This is a personal injury action which was tried before a court and a jury.  Plaintiff was awarded a verdict against the three defendants, New York City Omnibus Corporation and Patrick Conniff, who are appellants herein, and Isidore Beckelman, who has not appealed, in the sum of $30,000.  The court on defendants' motion set aside the verdict and ordered a new trial unless plaintiff stipulated to reduce the verdict to $15,000. She did so.  Plaintiff has asked, on this appeal, that the verdict be reinstated in full pursuant to the provisions of section 584-a of the Civil Practice Act which became effective on September 1, 1939.

The accident happened about eleven forty-five P. M. on Christmas Eve, 1936, a short distance south of the southerly crosswalk at Fifty-ninth street and Ninth avenue, borough of Manhattan, city of New York.

Plaintiff boarded a north-bound bus at Forty-ninth street and Ninth avenue.  After it passed Fifty-eighth street, she signaled the operator to stop at Fifty-ninth street.  He did so and she alighted at its forward end.  She said that the light for north- and south-bound traffic at that time was green.  She waited near an elevated pillar which was located just south of the southerly crosswalk for the light to change.  She estimated the time she stood waiting as about one-half a minute.  According to her, she noticed the bus

of the appellant New York City Omnibus Corporation and concededly operated by the coappellant, Patrick Conniff, coming in a northerly direction from Fifty-eighth street. At about the same time she saw a taxicab, which belonged to the defendant Beckelman, about twenty-five feet north of Fifty-ninth street traveling in a southerly direction. She then proceeded to cross the avenue with the lights in her favor. She took about four or five steps forward and was struck by the cab. Apparently she assumed that the cab would not continue on its way because of the change of lights. Exactly what happened after that at the scene she did not know, since she was rendered unconscious.

Mary T. Van Went, a witness for the plaintiff, was a trained nurse employed at Roosevelt Hospital. Together with her mother, she had been riding in a car operated by her father. The car stopped on the westerly side of Ninth avenue in the center of the block between Fifty-eighth and Fifty-ninth streets for the purpose of permitting Miss Van Went to alight. She proceeded in a northerly direction for about fifteen feet, walking backward while she carried on a conversation with her mother. She turned, looked in a northerly direction and saw plaintiff in mid-air making a complete somersault and land " on her face on the east side of the avenue, and just as she landed I should say about two seconds after she hit the pavement, the bus was on top of her and the bus' front wheel stopped right on top of her leg." She estimated that the bus was between seventy-five and one hundred feet south of Fifty-ninth street when she first saw it. She was asked by the court, " It did not go over her leg? " She replied: " No, the wheel was exactly on top of the leg. The bus driver apparently had jammed on the brake as soon as he could do something, and the wheel stopped directly on Miss Duffield's leg, because we could not remove Miss Duffield's body, the bus driver had to back in order to remove Miss Duffield's body from under the bus." Miss Van Went estimated that the bus was ten or twelve feet south of Fifty-ninth street when it came to a dead stop. She did not observe the color of the traffic lights at the time of the accident. The other witnesses called by plaintiff were a police officer, who arrived at the scene about forty-five minutes after the accident had happened, and her physician.

The defendant Beckelman called as his first witness the appellant Patrick Conniff. The latter said that he was north-bound on the easterly side of Ninth avenue in the lane under the elevated structure where north-bound buses usually travel. He intended to stop at the southerly side of Fifty-ninth street, which pursuant to the rules was known as a stop street. He was about twenty-

five feet south of the corner, proceeding at a speed of about seven to ten miles an hour, with his foot on the brake pedal when he saw the plaintiff half-way across Ninth avenue about fifteen or twenty feet ahead of the bus and five to ten feet south of the crosswalk. She came in contact with the left front fender of Beckelman's taxicab. The bus was fifteen feet south of the cab. After plaintiff was struck by the taxicab, " she was thrown on the side of my bus, that is, about five feet from the front. The wheel is just about five feet from the front." The plaintiff's leg, as we have seen, was wedged between the wheel and the roadway. He said the bus was twenty to twenty-one feet south of Fifty-ninth street when it came to a stop.

Tom Patricola, a theatrical performer, called as a witness by Beckelman, testified that he was a passenger in Beckelman's cab. It does not seem to be disputed by any of the parties to this litigation that this witness was actually upon the scene of the accident since he gave written statements to all of them. Patricola did not notice the color of the traffic lights. He said in part: " I saw a woman just as the taxicab hit her. That is, as my eyes came in contact, this woman came, and as we hit her I saw her head and shoulders, that is all I saw, go backward, and at that instant moment the bus was coming, and the bus was not going very fast, because he stopped, I'd say, about three or four feet from the front of the cab   *   *   *."

The defendant Beckelman testified in substance that he was driving his cab on the westerly side of Ninth avenue under the elevated structure. He asserted that when he crossed Fifty-ninth street the light was in his favor. When he reached a point about twenty-five feet south of the building line of Fifty-ninth street, the plaintiff darted from behind traffic and ran into his left front fender between the hub and the running board and fell backward in front of the bus. He testified that the bus was moving slowly and stopped quickly.

The appellants have asked that the judgment in favor of the respondent should be reversed upon two grounds: (1) That the verdict is contrary to the weight of the credible evidence, and (2) errors in the charge.

We believe, in so far as these appellants are concerned, that the verdict is contrary to the weight of the credible evidence and consequently they are entitled to a new trial. The accident, to say the least, was an unusual one. The operator of the bus, as this record shows, violated none of the city ordinances. He was confronted with a sudden emergency. As plaintiff's only eye witness said, " the bus driver apparently had jammed on the

brake as soon as he could do something." It is evident from this that the driver " did all possible to avoid the accident." (*Maranta* v. *Wenzelberg*, 241 App. Div. 420; affd., 267 N. Y. 510.) If we adopt plaintiff's theory that the light had turned red against the south-bound taxicab, the operator of the bus might believe, as plaintiff did, that the cab would obey the law and not proceed against the lights so as to strike plaintiff and throw her into his path.

Since plaintiff testified that she was about in the middle of the roadway when she was struck, the court, therefore, should not have refused to grant the following request to charge which was made by the appellants: " I ask your Honor to charge the jury with respect to this woman who had already passed over to the center of the street and passed the lane in which the bus was traveling, that the driver was not obliged to anticipate she would be struck by a cab and knocked into his bus." In the light of the testimony the following request to charge which was refused by the court also should have been granted: " I ask your Honor to charge, if the jury find the plaintiff was struck by the taxicab and was thrown near the bus, and the driver then did all that a reasonable, prudent man could do under the circumstances to avoid running upon her, their verdict must be for the defendant New York Omnibus Corporation."

We believe these errors are substantial, particularly where, as here, the facts adduced by plaintiff might not have been sufficient to charge the appellants with liability for the severe injuries which plaintiff sustained.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

MARTIN, P. J., and COHN, J., concur; O'MALLEY and CALLAHAN, JJ., concur in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.