PETER ROTH, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger who had fallen from a subway station platform to the tracks, where he was struck by defendant's train, the jury awarded plaintiff $20,000. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The station was 600 feet long. Plaintiff testified that the accident happened 100 feet or less from the easterly end of the station. The defendant's witnesses testified it happened 120 to 150 feet from the westerly end of the station. The finding implicit in the jury's verdict that the accident happened at the place where plaintiff testified it occurred is against the weight of the evidence. As there is to be a new trial, we point out that the court erred in charging that plaintiff could not recover unless the accident happened " as and where substantially the plaintiff claims it happened." The evidence also presented a question of fact to be determined by the jury on the defendant's version as to how and where the accident happened, and the jury should have been permitted to decide whether or not the defendant was negligent, to plaintiff's damage. (*Imbriale* v. *Skidmore*, 252 App. Div. 884; *Tumulty* v. *New York, New Haven & H. R. R. Co.*, 224 App. Div. 131; *Burd* v. *Bleischer*, 208 App. Div. 499, 501; *Uralsky* v. *Gribbon*, 242 App. Div. 533; *Newman* v. *Pennsylvania R. R. Co.*, 33 App. Div. 171; *Barker* v. *Paulson*, 116 N. Y. 660.) Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

MOLLIE SACKS, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant, and LAURA BERNSTEIN, Defendant-Appellant.— Action to set aside a change of designation of the beneficiary of the proceeds of a policy of life insurance. Order denying conditionally the motion to preclude, modified on the law by inserting " and 11 " after the words and figures " items 1 to 5, inclusive, and 10 ". As thus modified the order insofar as appealed from, is affirmed, without costs. The respondent is allowed ten days after the entry of an order hereon within which to comply with the demand and prevent the granting of the motion to preclude. No opinion. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

SCIENTIFIC MACHINE CORPORATION, Respondent, v. MAURICE B. SIMMONS, Individually and as Property Clerk of the Police Department of the City of New York, Appellant.— In a replevin action to recover the possession of 216 pinball machines or the value thereof, judgment was entered in favor of plaintiff. One of the machines received in evidence upon the trial was submitted to this court for examination and inspection. The court agrees with the Special Term that the machine is not a gambling device and does not violate section 982 of the Penal Law. Judgment unanimously affirmed, with costs. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [181 Misc. 960.]

MARGARET D. SHEPHERD, Appellant, v. JOSEPH SHEPHERD, Respondent.— In an action to annul a marriage, order denying plaintiff's motion to strike out defendant's answer as sham and frivolous affirmed, without costs. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

ANDREW J. SICKENBERGER, Appellant, v. CITY OF NEW YORK, Respondent.— Action to recover damages for personal injuries sustained by plaintiff while a passenger in one of defendant's trolley cars. Order denying in part plaintiff's motion for an examination of defendant before trial, insofar as appealed from, affirmed, without costs, the examination to proceed on five days' notice. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.