THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE RAZIANO, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 982 of the Penal Law, affirmed. The defendant kept a device, known as "Kicker and Catcher", in a penny arcade. The device released only three metal balls for play. The balls were kicked by a robot "football kicker" and if any was caught by a robot "football catcher", it dropped back to its original starting point, where it was in position to be kicked again with any other unused ball. The user of the machine thus was

given " additional chances or rights to use such machine, apparatus or device ". The machine was, therefore, a slot machine or device within the provisions of section 982 of the Penal Law. In *People* v. *Swartz* (282 N. Y. 596), a judgment convicting a defendant of violating section 982 of the Penal Law was affirmed where a machine had " allowed " winning players a free game. In *Scientific Machine Corp.* v. *Simmons* (267 App. Div. 917) this court approved a holding that certain other devices were not slot machines within the meaning of that section. We then assumed that the statute required the player be allowed an opportunity to play a new or complete game without additional charge. Upon reconsideration, we are of the opinion that slot machines, as defined by statute, include devices other than those allowing the user free games. It is not essential that the user be accorded the reward of a full game. It is sufficient, under the statute, that he " may secure additional chances or rights to use ", a machine. In the instant case, such a chance or right was granted when the user was allowed an " extra kick " each time one of the balls was caught. To the extent that this court's decision in the *Scientific Machine Corp.* case ·(*supra*) is inconsistent · herewith, it is hereby overruled. Where experience has demonstrated initial error in defining the scope of novel legislation, such error should not be perpetuated by strict adherence to precedent. (*Matter of Cameron* v. *Ellis Construction Co.*, 252 N. Y. 394, 399.) Close, P. J., Carswell and Lewis, JJ., concur; Hagarty and Johnston, JJ., dissent and vote to reverse the judgment of conviction and to dismiss the complaint on the authority of *Scientific Machine Corp.* v. *Simmons* (*supra*).