Chandler S. Knight, J.
This case was tried by the court without a jury on a stipulation of the defendant made in open court.
The defendant is charged by indictment with the crime of keeping and permitting the operation of a slot machine in violation of section 982 of the Penal Law.
Subdivision 2 of this section reads in part as follows: ‘ ‘ 2. Any machine * * * is a slot machine * * * within the provisions of this section if it is one that is adapted * * * for use in such a way that, as a result of the insertion of any piece of money or coin or other object such machine * * * is caused to operate * * * and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money, credit, allowance, or thing of value, * * * which may be exchanged for any money, credit, allowance or thing of value, or which may be given in trade, or the user may secure additional chances or rights to use such machine * * * irrespective of whether it may, apart from any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value.”
The machine in question called “ Bally Gay Time ” is operated, after inserting one or more five-cent pieces in the coin slot, by a plunger which propels balls to the top of the machine from where they descend by gravity into holes on the playing board. Five balls constitute one game. As the balls enter certain holes one or more numbers light up on the back board. Those numbers indicate the number of games which the player *807 may replay without inserting another five-cent piece. The number of replays, or free plays, which one may receive runs as high as 96. The machine also permits the insertion of more five-cent pieces before the start of the play, thereby creating odds (according to the number of five-cent pieces inserted) which would allow the player as many as 300 free plays, following the play of the first five balls.
A trooper employed by the New York State police testified that on February 23, 1956, he went to the Way Inn at Yost, in the county of Montgomery, which was owned and operated by the defendant and in which the defendant resided. He saw the machine in question, inserted a five-cent piece in the coin slot and operated it. He won six free rights to again play the machine. He played five of the six free rights, or free replays, on the machine. In response to his inquiry the defendant said that he owned the Inn and the machine.
The People contend that the machine is a slot machine, and that the possession and the allowance of its use is unlawful under the provisions of section 982 of the Penal Law. The defendant claims that the player received nothing of value from the machine and that receiving free replays does not make the machine unlawful.
The fact that the player may get additional chances or rights to use the machine after the deposit of a five-cent piece is not disputed, as indicated by the following statement of the defendant’s counsel to the court:
1 ‘ The Court: Under conditions of getting a certain score, there are more games that can be played for the same money that was originally deposited.
“ Mr. Reinhardt: That’s right.
“ The Court: Is that right?
‘ ‘ Mr. Crangle: That is my claim.
“ Mr. Reinhardt: I don’t deny that, sir.” A witness for the defendant stated that he was employed as an engineer for the “ Bally Manufacturing Company” which manufactured the “Bally Gay Time” machine and that he “had a hand in designing it ”. Upon cross-examination he testified as follows:
“ Q. And without placing another nickel in the machine you can’t replay those five balls.
“ A. Oh, I beg your pardon yes, you can. You can condition the game again.
“ Q. So that you get five balls without repaying any money, is that correct?
“A. Yes, sir.
*808 11 And you can get, as a matter of fact, ninety-six if you light.these five scores, can you not?
“ A. Your score would be ninety-six, that’s right.
“ Q. And you can play it ninety-six times without another nickel.
“ A. That’s correct.
“ Q. Is that correct?
“A. That’s right.”
Counsel for the defendant, in his brief, frankly stated that “ if a certain number of balls fall into certain holes then the player of the machine is entitled to replays ”.
It therefore becomes the uncontradicted testimony that the user of this machine, in the language of the statute, “ may receive or become entitled * * * to secure additional chances or rights to use such machine ”.
The test in determining the legality of the machine is not the element of skill or chance or amusement or pay-off in money, but rather whether the user may secure “ additional chances or rights to use the machine ” without additional cost to him.
The cases relied upon by the defendant are not applicable. They were decided before 1934. It was probably as a result of them that the Legislature by chapter 317 of the Laws of 1934 1 ‘ broadened the provisions of section 982 of the Penal Law to include the receipt of any 1 thing of value ’ by which the user of the machine ‘ may secure additional chances or rights to use such machine ’ ” (italics supplied) (People v. Diotavio, 204 Misc. 830, 833; People v. Swartz, 282 N. Y. 596; People v. Raziano, 268 App. Div. 798).
At the end of the People’s case and at the conclusion of the trial the court reserved decision on the defendant’s motions to dismiss the indictment. Each motion is now denied.
The machine before the court comes within the statute and is declared unlawful and the defendant is found guilty.
The District Attorney has moved that the court order the machine destroyed. Such destruction is directed by section 985 of the Penal Law which in part says, 1 ‘ It shall be the duty of the trial court, after the disposition of the case, and whether the defendant be convicted, acquitted or fails to appear for trial, to cause the immediate destruction of the machine ”. Pursuant to that command, the court orders the immediate destruction of the machine now before the court.
The defendant is directed to present himself for sentence before this court at eleven o’clock in the forenoon on the 3d day of June, 1957.