ALICE A. BURGER and Another, as Administrators, etc., of JOHN C. BURGER, Deceased, Appellants, *v.* FIFTH AVENUE COACH COMPANY, Respondent.

First Department, December 23, 1927.

**Motor vehicles — motor buses — action for death of plaintiffs' intestate, struck and killed by defendant's bus while standing on or near park strip in center of street — error to charge that plaintiffs could not recover unless it was shown that intestate was standing on park strip or platform.**

Plaintiffs' intestate was killed by one of defendant's motor buses. The accident occurred on Seventh avenue in New York city, which avenue is divided by a park strip. Plaintiffs' contention was that the overhang of the bus struck the intestate while he was standing on the park strip or platform, while defendant claims that intestate stepped into the street and was struck while in the street.

It was error for the court to charge that unless the plaintiffs established the fact

that the motor bus struck the intestate while he was on the park strip or platform, the plaintiffs failed to prove negligence on the part of the defendant. This error was especially prejudicial in view of the fact that the jury requested a rereading of that portion of the charge. The plaintiffs should not have been so closely limited, for even though the intestate was standing on the roadway near the park strip or platform, the driver of defendant's motor bus owed him a duty. Under the circumstances it was for the jury to determine whether the defendant's negligence was responsible for the death of the plaintiffs' intestate, even though he was not standing on the park strip or platform.

MERRELL, J., and DOWLING, P. J., dissent, with opinion.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of March, 1926.

*Ralph Stout* of counsel [*Harry S. Austin,* attorney], for the appellants.

*Ambrose Clogher* of counsel [*Henry J. Smith,* attorney], for the respondent.

PROSKAUER, J. Plaintiffs' intestate was killed by contact with the defendant's coach at Seventh avenue and One Hundred and Forty-eighth street in the city of New York. Seventh avenue is there divided by a park strip. At the time of the accident the western or south-bound roadway was impassable because workmen were removing the asphalt pavement, melting it by use of a blower; southerly traffic was thus diverted from the westerly to the eastern or north-bound roadway. Defendant's coach was proceeding southerly on this course and was about to recross on One Hundred and Forty-eighth street to the west roadway when the plaintiffs' intestate, who was standing on or near the easterly coping of the park strip, was injured. The plaintiffs' claim was that the intestate was struck by the overhanging part of the coach, which was negligently and without warning driven too close to the intestate. The defendant's claim was that just as the coach turned around the island platform, a sudden blast of heat from the blower caused the intestate to step suddenly from the island platform and project himself against the side of the coach.

The issue thus raised was for the jury. We are constrained to reverse the judgment, however, because of error in the charge. At the request of the defendant's counsel the court charged that " unless the plaintiff has established the fact that the bus struck this boy while he was on the island platform, the plaintiff has failed to prove the negligence of the defendant." During its deliberations the jury requested and secured the rereading of this portion of the charge, which clearly influenced the jury in reaching a verdict for the defendant. The plaintiffs' claim should not have

been so closely limited. Even if the decedent was standing on the roadway near the island platform, instead of upon the island platform, the defendant's driver still owed him a duty. One of the plaintiffs' witnesses was uncertain whether the decedent was actually standing on the island platform or on the roadway near it. It was for the jury to say whether the defendant's negligence was responsible for the decedent's death even though he was not upon the platform itself.

For these reasons the judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN and O'MALLEY, JJ., concur; DOWLING, P. J., and MERRELL, J., dissent.

MERRELL, J. (dissenting). I dissent and vote to affirm the judgment appealed from based upon the verdict of the jury in defendant's favor. I think the justice presiding at the trial properly refused to charge the jury as requested by plaintiffs' trial counsel and that no reversible error occurred by reason of the refusal to charge as requested, and that the court did not err in charging the jury, as requested by counsel for the defendant, that unless the plaintiffs established the fact that the bus struck the boy while he was on the island platform, the plaintiffs failed to prove the negligence of the defendant.

Plaintiffs sought to recover solely upon the claim that the driver of defendant's bus had driven the same so close to the platform *upon which plaintiffs' intestate was standing* that he was struck by the front wheel or by the overhang of the bus and thrown beneath its rear wheel and killed. Plaintiffs' entire case was built upon such claimed negligence on defendant's part. Plaintiffs' proofs will be searched in vain for a suggestion of any other or different claim than that the boy when struck was standing on the platform. Both of plaintiffs' witnesses testified with the utmost positiveness that when struck the boy was standing on the platform and neither of them could be induced upon cross-examination to recede from their testimony in chief. While it is true that plaintiffs' witness Wolff, when pressed upon cross-examination as to his knowledge " whether the boy went off the island platform or not," replied, " I hardly think so," and testified that he did not know whether the boy stepped off or not, such negative testimony is, I think, quite inadequate to support the charge which the court was requested to make. The time when the boy may have " stepped off the platform " was not fixed — whether it was before or after being struck. The uncertainty of the witness Wolff in this respect

in no wise weakened his positive testimony in chief that the boy was standing beside him *on the platform* when struck. Confronted at the trial by a written statement which he had signed and sworn to on the day of the accident wherein he stated, " I heard somebody holler and when I turned around I saw a boy lying in the street and the bus stopped about five or six feet away," Wolff admitted that such written statement was in accordance with the facts and made when his mind was fresh as to the circumstances of the accident, and that he did not see the bus or the boy before he heard someone " holler." Thus the uncertainty of Wolff whether the boy stepped off the platform is readily explainable. Wolff saw nothing of the accident until he saw plaintiffs' intestate lying in the street and the bus stopped five or six feet away.

The testimony of plaintiffs' witnesses was that the boy was standing upon the platform and was struck by defendant's bus which in making the turn was driven too closely to the platform. At the trial no other negligence was claimed. The witnesses sworn in defendant's behalf were in sharp conflict with plaintiffs' theory of negligence, the defendant's witnesses testifying that the boy, to avoid the sudden blast of heat, stepped back and off the platform and into the side of the passing bus and, falling upon the pavement, was crushed beneath the rear wheel of the bus. The issue of negligence thus presented was the only one properly for the consideration of the jury. It is quite evident that plaintiffs' trial counsel realized that the evidence greatly preponderated against plaintiffs' claim and that an adverse verdict upon that issue was to be apprehended. A belated attempt was then made to recover upon a theory entirely foreign to any claim of negligence made by plaintiffs at the trial and quite unsupported by plaintiffs' proofs. This, I think, the justice presiding at the trial properly refused to countenance. It is an ancient maxim that any recovery in an action must be " *secundum allegata et probata.*" While the complaint, as is usual in negligence actions, was drawn sufficiently broad to be all-inclusive, no attempt was made by plaintiffs at the trial to predicate a recovery upon any negligence on defendant's part except the claim that the defendant's bus was driven too closely to the curb of the platform upon which plaintiffs' intestate was standing. The trial justice properly refused to permit the plaintiffs' trial counsel, when an adverse verdict was probable, to change front, abandon the theory of negligence upon which the case was tried, and seek a recovery upon a different theory quite in conflict with all the testimony of the plaintiffs' witnesses at the trial. No more should the trial justice have instructed the jury that a recovery might be had based upon the boy's stepping off

the platform and then being hit, than, if requested, he should have charged that the jury might find for the plaintiffs upon any other theory of negligence which was likewise unsupported by plaintiffs' proofs.

The verdict of the jury in defendant's favor upon the only issues properly for their determination was amply justified by the evidence.

The judgment appealed from should be affirmed, with costs.

DOWLING, P. J., concurs.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.