EDWARD J. TUMULTY, Appellant, *v.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

Second Department, June 22, 1928.

*Thomas J. O'Neill* [*Leonard F. Fish* and *Edwin V. Hellawell* with him on the brief], for the appellant.

*E. R. Brumley* [*John M. Gibbons* with him on the brief], for the respondent.

YOUNG, J. The action was brought to recover damages for personal injury. The complaint contains two counts. For a

first cause of action plaintiff alleges that on or about October 1, 1921, the plaintiff purchased a ticket entitling him to be carried by the defendant from New York to Niantic, Conn.; that on that day he boarded a train for carriage to Niantic, and surrendered his ticket for cancellation; that upon reaching Saybrook Junction, Conn., the plaintiff informed the defendant that he desired to continue on the train to New London, Conn., to which point the train was bound, and that he was able and willing to pay the defendant any additional fare necessary; that defendant neither requested nor demanded payment of any additional fare, and directed and ordered the plaintiff to immediately get off the train, and refused to permit him to remain on board; that plaintiff refused to leave the train, and thereupon, against the plaintiff's wishes and protests, the defendant violently and forcibly seized, pushed and pulled the plaintiff and ejected and propelled him from the train at Saybrook Junction, Conn. The complaint states that the seizing, etc., of the plaintiff was unlawful.

The complaint further alleges that concurrently with the ejection of the plaintiff the train started and moved forward at the direction of the defendant, and that by reason of the method used by the defendant in ejecting plaintiff, and because of the concurrent movement of the train, he was thrown, knocked, pushed and caused to fall down and under the train.

The complaint then alleges that plaintiff was injured through the negligence of the defendant and through its unlawful acts.

The second cause of action states that at the time and prior to the ejection plaintiff was not in full use and control of his mental faculties and physical movements; that defendant had knowledge of plaintiff's condition; that after ejecting the plaintiff the defendant left him on the roadbed of defendant's railroad in close proximity to the train; that defendant neglected to leave plaintiff in a safe place, or remove him to a place at a safe distance from the train; that the place was unsafe to the plaintiff by reason of his condition at the time; that concurrently with the ejection of the plaintiff the train started and moved forward, and by reason of plaintiff's condition he fell down and under the moving train.

The answer puts in issue the material allegations of the complaint.

The appeal presents an unusual situation. Upon the trial plaintiff offered no evidence to sustain either cause of action, but called the plaintiff and two witnesses who testified that plaintiff was injured by reason of his being pushed off the train by defendant's employees while he was attempting to re-enter the train after he had been expelled therefrom by said employees. No objection, however, was made to this testimony and the case was submitted

on this theory by the trial court, the jury being instructed that the plaintiff could not recover unless they found that he was shoved off the train by defendant's employees while attempting to reboard it.

Defendant called a number of witnesses who testified that plaintiff was not injured as a result of his being shoved off the train while he was attempting to reboard it, but was injured because, after he had been put off and was standing near the train, he staggered forward, being in a drunken condition, and fell under the train after the same had started. Plaintiff lost his arm in the accident.

It is conceded that plaintiff and two companions boarded the train in New York city, having purchased tickets for Niantic, Conn. With the plaintiff two other persons were traveling, namely, Lutes and Bridgetts. The plaintiff and Lutes were very drunk when they entered the train. They occupied a compartment in a Pullman car. In order to reach Niantic it was necessary to change cars at Saybrook and take a local train, and, when the train arrived at Saybrook Junction, plaintiff and Lutes were both asleep. Bridgetts was sober. He went with the conductor and, after a good deal of trouble, got plaintiff upon his feet. Plaintiff did not wish to leave the train, but insisted on going on to New London, but the porter and the conductor finally got him out of the car and upon the platform alongside of the train. They left the plaintiff there with his two companions. The train was then started and there is no doubt that the plaintiff attempted to reboard the train. According to his story and the testimony of his companions Lutes and Bridgetts, he got up on the steps of the car and, while the car was in motion, the porter shoved him off and his arm got under the train and was cut off, and, as I have already pointed out, the defendant's witnesses denied this, and said that he was injured when he staggered toward the train and fell under it, after the train was in motion.

There is but one point raised upon this appeal, and that is a question of law. After the court had charged the jury that plaintiff could not recover unless the jury believed his story and that of his companions that he was injured by reason of being pushed from the train while attempting to reboard it, plaintiff's attorney took exception to this limitation and in substance asked the court to charge the jury that plaintiff might still recover, even though they rejected plaintiff's theory, if they found that the plaintiff was injured because of defendant's negligence in leaving plaintiff in a place of danger close to the train in an intoxicated condition, such condition being known to the defendant's employees. The request was refused, and this brings up the sole question raised upon this appeal.

It is the contention of the appellant that plaintiff was entitled to have this phase of the case presented to the jury; that, by the second cause of action set forth in the complaint, this ground of negligence was charged, and that, even though plaintiff presented no evidence to sustain this specification of negligence, still the evidence given by the witnesses produced by the defendant was sufficient to justify a finding of negligence in this respect by the jury.

From a reading of the charge of the trial court, it is plain that it was of the opinion that plaintiff could not recover unless the jury found that the accident happened substantially as claimed by the plaintiff in accordance with the evidence given by plaintiff's witnesses to substantiate that claim, namely, that plaintiff was injured because he was shoved from the train while attempting to reboard it. In this I think the learned trial court erred. No precedent in this State is cited. In *Hill* v. *West End Street Railway* (158 Mass. 458) a somewhat similar situation was presented. In that case the plaintiff was a passenger and was attempting to get off the car when injured. She testified that the car was standing still when she attempted to alight; and the court charged that unless the car was standing still, as she testified, she could not recover. There was other evidence, however, in the case from which the inference could be drawn that the defendant was negligent and the plaintiff free from negligence, even though the car was not standing still. The court said: " Nor, under the same circumstances, is there any reason why, to prove material facts denied by his own testimony, he may not rely on the testimony of witnesses called by the adverse party. In such a case counsel may properly argue that the jury should find in accordance with part of his client's testimony, and in other particulars should reject it and find in accordance with the testimony of other witnesses, on whatever side called. In other words, the law recognizes the fact that parties, as well as other witnesses, may honestly mistake the truth, and requires juries to find the facts by weighing all the testimony, whatever may be its source. * * * Even when witnesses are found to have deliberately testified falsely in some material particular, the jury are not required to reject the whole of their uncorroborated testimony, but may credit such portions as they deem worthy of belief. * * * They may thus find proved a state of facts to which as a whole no single witness has testified, and which in some particular is contrary to the account given by every individual witness. * * * As the court ruled otherwise, and refused to allow the plaintiff's counsel to argue upon that theory, and instructed the jury that the plaintiff could not

recover unless they found that the car had stopped and was standing still when she attempted to alight, a majority of the court is of opinion that the verdict must be set aside."

That case, however, is not entirely in point. It was there claimed by the plaintiff that the car in which she was riding came to a stop and, while she was alighting, it started suddenly and threw her off. Defendant's witnesses, however, testified that plaintiff attempted to alight before the car came to a stop. Of course, if plaintiff in fact started to alight before the car came to a stop, and was thrown off by the car suddenly starting up again, it would not, as a matter of law, convict plaintiff of contributory negligence, because it is not in all cases contributory negligence as a matter of law for a person to alight from a moving car. It depends upon the circumstances. So it may be said that plaintiff's right to recover in the *Hill* case did not depend upon whether the car had or had not come to a full stop, and the Massachusetts case must be considered in the light of this situation. In the case at bar, however, there is no such close relationship. Plaintiff said he was pushed off the train by defendant's employees while attempting to reboard it, and the accident happened because of this wrongful act. This, of course, is entirely distinct from the other claim of negligence alleged in the complaint, that plaintiff was injured because he was left in an unsafe place in an intoxicated condition by defendant's employees. Whether, under such circumstances, when the only proof given by the plaintiff was to the effect that he was injured from another cause, he is still entitled to have the question of negligence alleged in the second cause of action and substantiated by defendant's witnesses submitted to the jury is the point for discussion. I am inclined to the opinion that the trial justice erred in the ruling complained of. In the first place, no motion was made by defendant's counsel to dismiss the second cause of action for lack of proof. Defendant was clearly entitled to this had such motion been made at the end of plaintiff's case, and had this been done the question before us could not have been raised. The claim of plaintiff made in the second cause of action was, however, permitted to stand and the defendant presented the evidence sufficient to substantiate it, and I know of no rule which prevents plaintiff from having the advantage of such testimony under like circumstances. It very often happens in the trial of a case of this character that, when the plaintiff rests, there is a failure of proof and plaintiff is entitled to a dismissal of the complaint on that ground. The trial court nevertheless denies the motion to dismiss, and then the defendant proceeds to call witnesses, and in the course of defendant's case enough is brought out in cross-examination or

otherwise to support plaintiff's case. True, the evidence so brought out generally is upon the same subject of negligence that the plaintiff attempted to prove. But does this really make any difference where the complaint charges a second ground of negligence unsupported by the plaintiff, but proved by the defendant?

In the trial of a negligence action the defendant is entitled to have the jury consider all the evidence in the case to determine the question of plaintiff's contributory negligence, including, of course, the evidence on this subject given by plaintiff and his witnesses. Why, then, should not the plaintiff be entitled to take advantage of evidence of negligence offered by defendant's witnesses upon a cause of action alleged in the complaint but which the plaintiff offered no evidence to support? I can see no good reason against this contention. In the present case the jury evidently disbelieved plaintiff's story that he was pushed from the train while attempting to reboard it, and this conclusion probably was based upon the evidence given by the defendant's witnesses that plaintiff was injured in another way, namely, that he fell under the train while staggering toward it after it had started, but this evidence undoubtedly was sufficient to raise the question of fact for the jury as to defendant's negligence in leaving the plaintiff, known to be intoxicated, in an unsafe place and starting the train while plaintiff was so situated. For the reasons stated, I think plaintiff was entitled to have this claim of negligence submitted to the jury, and that the trial court erred in declining to do so.

The judgment and order should be reversed upon the law and a new trial granted, costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, SEEGER and CARSWELL, JJ., concur.

Judgment and order reversed upon the law and a new trial granted, costs to appellant to abide the event.