JESSIE CALLAHAN, Respondent, *v.* NEW YORK RAILWAYS CORPORATION, Appellant.

First Department, April 29, 1932.

*Henry J. Smith* of counsel [*Joseph L. Zelaskow* with him on the brief; *Henry J. Smith,* attorney], for the appellant.

*William Schwartz,* for the respondent.

MARTIN, J.   On January 31, 1929, the plaintiff sustained personal injuries alleged to have been caused by the negligence of the defendant.   On that day, in company with a Mrs. Bennis, the plaintiff boarded a north-bound trolley car of the defendant railroad company at Lexington avenue and Eighty-sixth street, New York city. When the car reached One Hundred and Thirteenth street the plaintiff was injured while alighting therefrom.

The plaintiff claims that a defective step caused her to fall. The defendant claims that the step was in perfect condition and that plaintiff's fall was caused by the heel becoming detached from one of her shoes.   The plaintiff testified that when she reached the place where she wished to alight, the motorman of the trolley

car pushed a lever; that the door of the car opened; that she started to alight therefrom; that when she put her right foot on the step, while her other foot was still on the platform of the car, the step gave way and she fell to the street. She also testified that the motorman then jumped to the street and fixed the step by placing it back against the car, but that she did not see what he had in his hand or what he did in fixing the step, and that it took only about two seconds.

The witness who accompanied the plaintiff on her trip was unable to state the cause of the accident, and the plaintiff's testimony alone placed the responsibility therefor upon the railroad company.

The defendant produced a number of witnesses to the facts and also a model of the step. The eye witnesses to the accident produced by the defendant testified positively that the step was not defective, and one witness stated that the plaintiff told him that she was injured while alighting from the car when the heel of one of her shoes became detached and caused her to fall to the ground. An apparently disinterested witness, a woman who had been sitting in the front part of the car, testified that there was nothing the matter with the step; that several people used the step and alighted from the car; that one passenger left the car before the plaintiff was injured and others continued to leave by means of the same step during the journey uptown, after the plaintiff's accident; that they had no difficulty in using this step up to the time she left the car, at which time she used the same step.

The railroad company's employees testified that the car continued on its regular journey without interruption, which it could not do if the step was broken, and that they examined the step at the end of the trip, when the car was placed in the building for housing cars, and the step was found to be without a defect of any kind.

The plaintiff alone, an interested witness, testified to the defective condition of the step. In addition to the fact that a number of witnesses testified that the car was in perfect condition, it was demonstrated that the step was of such construction that the accident could not occur as claimed by the plaintiff. The verdict is against the overwhelming weight of the credible evidence and should have been set aside.

The appellant also contends that error was committed by the court in the charge to the jury. Plaintiff's attorney requested and obtained a charge which under the circumstances of this case cannot be sustained. He requested the court to charge the jury that if they believed the plaintiff's testimony as to the manner in which the accident happened, then the must find a verdict in favor of the plaintiff.

In *Kellegher* v. *Forty-second Street, etc., R. R. Co.* (171 N. Y. 309) the court said: "We are of the opinion that the court erred in charging that, if the jury believed the witnesses called by the plaintiff, the act of the conductor was negligent and constituted a cause of action in favor of the plaintiff, and that the court should have submitted the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence to the jury as questions of fact, even if the evidence given by the plaintiff was to be believed. * * *.

"The portion of the charge excepted to practically withdrew from the consideration of the jury any question except the truthfulness of the plaintiff's evidence and tended to withdraw from it the determination of the facts established by the proof and the inferences to be drawn therefrom. Such an instruction was improper."

It was for the jury to say whether in view of the evidence of the defendant's witnesses there was any negligence on the part of the defendant. That would be so, assuming the truth of the plaintiff's testimony.

We have reached the conclusion, therefore, that the judgment should be reversed upon the ground that it is against the overwhelming weight of the credible evidence and on the additional ground that the court erred in charging the jury that there was absolute liability if the jury believed plaintiff's testimony.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.