FRANK IMBRIALE, Appellant, v. HILDA E. SKIDMORE and CHARLES JAMES SKIDMORE, Respondents.— Action to recover damages for personal injuries suffered as a consequence of plaintiff's being struck by an automobile owned by defendant Hilda E. Skidmore and operated by her father, the other defendant. Judgment for the defendants reversed on the law and a new trial granted, with costs to appellant to abide the event. The court erred in its charge to the effect that plaintiff could not recover if the accident did not happen while the plaintiff was on the sidewalk. Under the peculiar circumstances of this case, the precise locus of the accident was not the exclusively determinative element on the issue of whether or not defendant Charles James Skidmore was negligent in the operation of the car when it struck and injured the plaintiff. There was in the evidence a question of fact for the jury on the defendants' version, and it should have been permitted to decide whether or not the defendants were negligent to the plaintiff's damage. The points from which the plaintiff's witnesses observed the happening of the accident were such that an honest mistake could have been made as to whether or not the plaintiff was upon the sidewalk when the accident happened. In other words, the two contradictory versions purported to describe kinetic conditions and not static conditions and it is only the latter which requires that one of two entirely contradictory versions must be accepted. (*Tumulty* v. *New York, New Haven & H. R. R. Co.*, 224 App. Div. 131; *Burd* v. *Bleischer*, 208 id. 499, 501; *Uralsky* v. *Gribbon*, 242 id. 533; *Newman* v. *Pennsylvania R. R. Co.*, 33 id. 171; *Barker* v. *Paulson*, 116 N. Y. 660.) The occurrence may have been so sudden that the plaintiff, preoccupied with the work he was doing, was unable to recall whether he was on the sidewalk, partly on the sidewalk and partly in the roadway, or in the roadway in connection with the cutting of the strip of grass between the sidewalk and the curb, or his story may have been ineptly elicited. His testimony did not profess to fix the precise point. He merely said that he was working on that strip " going backwards as I was cutting grass." The case of *Burger* v. *Fifth Avenue Coach Co.* (222 App. Div. 187; revd., 249 N. Y. 583) may be distinguished on the facts. The court concluded that defendant's version showed no liability. Moreover, an examination of the record in that case

discloses that the authorities referred to above, which were then available, were not cited to the Court of Appeals. Hagarty, Carswell, Davis and Johnston, JJ., concur.; Adel, J., dissents and votes to affirm.