RUTH DE SANTES, Respondent, Appellant, v. MURAL TRANSPORTATION CORPORATION and SOL KELLERMAN, Appellants, and BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent, and JOHN HILTON, Defendant.— Action for damages for personal injuries suffered as a consequence of a collision between a taxicab and a trolley snow sweeper at an intersection of two streets. Plaintiff had a verdict against all the defendants who were served. The court set aside the verdict as to the defendant Brooklyn and Queens Transit Corporation and granted the reserved motion of that defendant to dismiss the complaint. On the appeal of the defendants Mural Transportation Corporation and Sol Kellerman the judgment as to them and order entered upon reargument adhering to the denial of said defendants' motion to set aside the verdict and for a new trial, are unanimously affirmed, with costs. No opinion. On the cross-appeal of the plaintiff from so much of the judgment as dismissed her complaint as against the Brooklyn and Queens Transit Corporation the judgment, in so far as appealed from, is reversed on the law and the facts, with costs, the said defendant's motion to dismiss denied, the verdict reinstated, and judgment directed to be entered accordingly. The trial court set aside the verdict as to the Transit Corporation and dismissed the complaint on the theory that the cross-examination of the witness Martello destroyed the probative force of his direct testimony so far as it related to the alleged negligence of the operator of the trolley sweeper. The witness was testifying to a situation in which the two vehicles were rapidly changing their respective positions. He gave estimated distances in an indefinite way. In so far as his testimony at one point casts doubt on his testimony at another point, that merely presented a problem for the jury to determine as to what extent the indefinite references to distances fixed the true relative positions of the two vehicles, the sweeper and the taxicab, at given points during the course of the events that resulted in the collision. It was the function of the jury to make or refuse to make allowances in weighing the testimony of that witness to arrive at the true situation and, in the light of all the circumstances, to determine whether the trolley sweeper operator was also negligent in the manner in which he approached and crossed the intersection at the time the taxicab had contact with it. The court

could not as a matter of law determine what parts of the testimony of the witness should be accepted or rejected by way of adopting a view favorable to the defendant railroad and, based thereon, dismiss the complaint as to it. (*Imbriale* v. *Skidmore*, 252 App. Div. 884; *Burd* v. *Bleischer*, 208 id. 499, 501.) Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.