HELEN LA GRANDE et al., Appellants, *v.* HUNLEY ABBOTT et al., Respondents, et al., Defendants.

First Department, July 2, 1943.

*Alvin C. Cass* of counsel (*George B. Levy* with him on the brief; *Levy & Molloy,* attorneys), for appellants.

*John W. Olmstead* of counsel (*James H. Brassel,* attorney), for respondents.

TOWNLEY, J. On December 30, 1938, at three-thirty A. M. plaintiff, Helen La Grande, then nineteen years of age, was riding in an automobile owned by the defendant, Hunley Abbott and driven by his son, John Abbott. The car was proceeding north on the West Side Highway near 116th Street, New York City. At this point it collided with an automobile being driven south by one John Labecky. Labecky was killed and Helen La Grande was seriously injured.

Labecky was a Connecticut State Trooper and probably by mistake entered the northbound side of the West Side Highway. At any rate he turned south and was going in the wrong direction at the time of the accident. The Abbott car was being driven uptown at between thirty-five miles and forty-five miles an hour. It is claimed by the plaintiff that the Labecky car was visible when it came over the crest of the hill driving south near the exit at 125th Street. There, it is said, the headlights on the car could be seen a half mile away not only by the plaintiff but also by the witnesses who were driving an automobile fifty feet behind the Abbott car. The Labecky car passed out of the vision of the independent witnesses as it crossed over to the west so that the Abbott car came between them and the Labecky car. Abbott himself testified that the highway was especially well lighted and that he could see what was on the road a half mile ahead of him. Plaintiff claims that the Abbott car was proceeding in the middle of the northbound highway and that as the Labecky car approached, she warned Abbott, that he said " All right " and then there was a crash. After

the warning plaintiff testified there was no change in Abbott's direction.

Abbott testified that he saw nothing until he ran into the Labecky car which he said carried no lights. "It was a darkened gray shape; it looked like a car." He said he then put on the brakes and remembered nothing until he woke up in the hospital. He denied that the plaintiff had given him any warning about an oncoming car.

On this state of facts, the court charged regarding Abbott's testimony: "If his version is accurate, he must prevail, and so must his father, because you may not say unto yourselves that he did something which a reasonably prudent person would not have done in these circumstances * * *." Exception was taken to the charge, plaintiff's counsel urging that "if they accept his story, it is still for them to decide whether or not he used reasonable care to watch out for that car and whether he should have seen it before he says he did see it." The court declined to charge as requested.

We think that the charge was clearly erroneous. This charge in effect said that defendant's testimony that he did not see the approaching car until just before the accident was a complete answer to the claim of negligence. This eliminated from the consideration of the jury the testimony that the approaching car was plainly visible for a half mile and that he did nothing to avoid the collision. Defendant's inattention resulting in his not seeing what was plainly visible does not relieve him of possible liability for the resulting accident.

There were other errors in the charge which were highly prejudicial to the plaintiff but which need not be adverted to since they probably will not occur again.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Martin, P. J., Dore, Cohn and Callahan, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.