HANNA GUSTAVSON, as Administratrix of the Estate of MARGARET GUSTAVSON, Deceased, Appellant and Respondent, *v.* SOUTHERN BOULEVARD RAILROAD COMPANY, Respondent, and SELMA LIPTON, Respondent and Appellant. (Action No. 1.)

SELMA S. LIPTON, Appellant, *v.* SOUTHERN BOULEVARD RAILROAD COMPANY, Respondent, et al., Defendants. (Action No. 2.)

Argued March 3, 1944; decided April 13, 1944.

*David P. Siegel* for Hanna Gustavson, as administratrix, appellant and respondent. I. The trial court erred in charging that the plaintiff Gustavson could not recover against the defendant railroad company in the event that the jury found that the accident occurred while the automobile of the defendant Lipton was in motion at the time of the accident. (*Rothschild* v. *Harris,* 125 N. Y. S. 41; *Boynton* v. *Boynton,* 43 How. Pr. 380.) II. There was no error in the trial court's refusal to charge that if the car was in motion, there should be a verdict in favor of Lipton as against Gustavson. (*Lynch* v. *Cronk,* 155 N. Y. S. 271; *Golisano* v. *Crisafulli,* 190 N. Y. S. 24; *Miller* v. *Katz,* 256 N. Y. S. 654; *Matthews* v. *Reilly,* 233 N. Y. S. 825; *Rosenberg* v. *Third Avenue,* 61 N. Y. S. 1052; *Roland* v. *International Railway Company,* 136 N. Y. S. 290; *Baltimore & Ohio R. R. Co.* v. *Long Island R. R. Co.,* 126 Misc. 474.) III. The trial court did not err in its ruling that counsel for the defendant Lipton should offer his summation before the summation of counsel for the railroad company. (*Van Devort* v. *K. & H. Evaporating Company, Inc.,* 252 App. Div. 8; *Tarbell* v. *Howard,* 162 Misc. 606; *Kappa Frocks, Inc.,* v. *Alan Fabrics Corp.,* 263 App. Div. 326; *Crescent Puritan Laundry Company, Inc.,* v. *McNamara,* 254 App. Div. 646; *Phil-or Textile Shrinking Corp.* v. *Monarch T. S. Corp.,* 160 Misc. 610.) IV. As against Gustavson only, the trial court erred in charging the jury, as requested by the defendant railroad company, that the trolley car had the paramount right of way. (*Southee* v. *Binghamton Railway Co.,* 168 App. Div. 605, 222 N. Y. 640; *Black* v. *Staten Island Electric R. R. Co.,* 40 App. Div. 238; *Frank* v. *Metropolitan Street R. Co.,* 91 App. Div. 485; *Dietrich* v. *Brooklyn Heights Railroad Co.,* 123 App. Div. 604; *Doctoroff* v. *Metropolitan Street Ry.,* 105 N. Y. S. 229.)

*William G. Walsh* and *Fred H. Rees* for Selma S. Lipton, respondent and appellant. I. The trial court erred in charging

the jury, as requested by the defendant railroad, that the trolley car had the superior and paramount right of way over the trolley tracks at the point where the collision occurred. (*Southee* v. *Binghamton Railway Co.,* 168 App. Div. 605, 222 N. Y. 640; *Black* v. *Staten Island Electric R. R. Co.,* 40 App. Div. 238; *Frank* v. *Metropolitan Street R. Co.,* 91 App. Div. 485; *Dietrich* v. *Brooklyn Heights Railroad Co.,* 123 App. Div. 604.) II. The trial court erred in refusing to charge that plaintiff Gustavson, could not recover against defendant Lipton, in the event that the jury found that the automobile was in motion at the time of the collision. (*Lifton* v. *Title Guarantee & Trust Co.,* 263 App. Div. 3; *Ehrenreich* v. *Berkowitz,* 225 App. Div. 68; *Burger* v. *Fifth Ave. Coach Co.,* 249 N. Y. 583; *Fuchs* v. *Brody,* 282 N. Y. 627.) III. The trial court committed prejudicial error in compelling counsel for Lipton to offer summation before the defendant railroad, not only because Lipton had the affirmative in action No. 2, but because counsel had the right to make their closing arguments in the reverse order to that in which they opened. (*Millerd* v. *Thorn,* 56 N. Y. 402; *Parrish* v. *Sun Publishing Ass'n.,* 6 App. Div. 585; *Bender* v. *Terwilliger,* 48 App. Div. 371, 166 N. Y. 590.)

*Addison B. Scoville, Alfred T. Davison* and *Oliver R. Brant* for Southern Boulevard Railroad Company, respondent. I. The trial court did not err in charging in effect as requested by counsel for the defendant railroad company that if the jury found that the accident did not happen in the manner and in accordance with plaintiffs' theory of the accident as advanced by them on the trial, but instead that it happened in the manner testified to by defendant railroad company's witnesses, their verdict should be in favor of the railroad company. (*Lifton* v. *Title Guarantee & Trust Co.,* 263 App. Div. 3; *Ehrenreich* v. *Berkowitz,* 225 App. Div. 68; *Fuchs* v. *Brody,* 282 N. Y. 627; *Lannone* v. *Weber-McLoughlin Co.,* 186 App. Div. 594.) II. There was no error in the trial court's charge that at the point where the accident happened, being between street intersections, the railroad company has the superior or paramount right of way over its tracks and that the jury may consider that in taking up the question of liability. (*O'Neil* v. *D. D. E. B. & B. R. R. Co. et al.,* 129 N. Y. 125; *Moore* v. *Rochester Railway*

*Co.,* 204 N. Y. 309; *Neuman* v. *Union Railway Co.,* 243 N. Y. 249; *Ward* v. *Clark,* 232 N. Y. 195.) III. The trial court did not err in its ruling that counsel for Lipton should offer his summation before the summation of counsel for the railroad company. (*Van Devort* v. *K. & H. Evaporating Company, Inc.,* 252 App. Div. 8; *Tarbell* v. *Howard,* 162 Misc. 606; *Kappa Frocks, Inc.,* v. *Alan Fabrics Corp.,* 263 App. Div. 326; *Crescent Puritan Laundry Company, Inc.,* v. *McNamara,* 254 App. Div. 646; *Phil-or Textile Shrinking Corp.* v. *Monarch T. S. Corp.,* 160 Misc. 610.)

THACHER, J. These two actions arise from a collision between a trolley car owned and operated by the defendant Railroad Company and a Ford automobile owned and operated by the appellant Lipton. Margaret Gustavson, deceased, was a passenger in the Ford automobile. Her administratrix brought suit in Action No. 1 against the Railroad Company and against Lipton to recover for wrongfully causing her death. The driver of the Ford suffered personal injuries, for which she seeks to recover against the Railroad Company in Action No. 2. These actions were consolidated for trial.

Immediately prior to the collision, which occurred on October 19, 1938, the Ford was being driven north on Southern Boulevard, Bronx, New York City, and the trolley was proceeding south on the southbound track. Witnesses called by the plaintiff Gustavson testified that the Ford turned from the east side of the Boulevard to cross the Boulevard toward the west side before the collision occurred and was not in motion when struck by the trolley car. These same witnesses testified that they heard no bell or warning and that the trolley car motorman had his head down; that he was traveling at high speed and that he had a clear view of the automobile for about 300 feet before the accident occurred. On the other hand, witnesses called by the Railroad Company testified that the Ford suddenly cut over from the east side of the Boulevard at a high rate of speed and collided with the trolley before the motorman could bring it to a stop. These witnesses controverted the testimony of the Gustavson witnesses to the effect that the Ford was standing still immediately before the collision.

The issues in both cases were submitted to the jury and the jury found a verdict in favor of the Railroad Company in each case and a verdict in favor of the plaintiff Gustavson against the defendant Lipton in Action No. 1 for $12,500.

A judgment entered upon these verdicts was affirmed in the Appellate Division, one justice dissenting and voting for reversal of the judgment insofar as it dismissed the complaint of plaintiff Gustavson against defendant Railroad Company, and for a new trial, and for affirmance of the judgment in all other respects.

The plaintiff Gustavson took exception to the following instruction to the jury:

" Mr. Mayo [counsel for defendant Railroad Company]: I have one request, if your Honor pleases. I think your Honor charged the jury that if they found this accident happened as testified to by the motorman and the defendant's witnesses, their verdict must be for the defendant railroad company in the Lipton case.

" I ask your Honor to charge the jury that in view of the fact that this plaintiff — both of these plaintiffs have come in on the theory that this automobile was standing still on the track, and the car came down from some distance and hit it while it was standing there, that if they find that this accident did not happen that way, but that it happened by reason of this automobile driving north and turning out of traffic, and in motion, running into the trolley car while in motion — that if it happened in that way their verdict must be for the defendant railroad company in both of these cases.

" The Court: Without negligence of the motorman; I so charge. I didn't mean to limit it in one case.

" Mr. Mayo: I respectfully except to your Honor's saying ' without negligence on the part of the motorman,' because the theory of the plaintiffs is that they were standing still. And I ask your Honor to charge to the jury that if, as a matter of fact, this accident was caused by reason of a collision between this automobile and the trolley car, and that the automobile was actually in motion, moving north, at the time the two came together, that under the pleadings and the proof in this case offered by the plaintiff, their verdict must be for the defendant.

" The Court: I misunderstood you. I so charge. They have come in here on a different theory."

The defendant Railroad Company and the defendant Lipton contend that these instructions were correct and that, the jury having found that the Ford was in motion at the time of impact, plaintiff was not entitled to recover against either of them. We cannot agree that the mandatory instruction to the jury to find for the defendant Railroad Company, if the Ford car was in motion at the time of impact, was justified in view of a study of the evidence in this case. Undoubtedly there are situations where such an instruction may be proper but only where from the plaintiff's proofs a factor essential to a finding of negligence is open to rejection by the jury. Then, as in any other case, without that element the facts found by the jury would not be sufficient to support the verdict against the defendant, and the court may, and properly should, so charge. This was the situation in *Burger* v. *Fifth Avenue Coach Co.* (249 N. Y. 583). There the question was whether the boy who was killed was struck while standing on the curb by an overhanging part of a bus negligently driven too close to the curb, or whether he was struck after stepping into the street. In this situation the court charged that, " unless the plaintiff has established the fact that the bus struck this boy while he was on the island platform, the plaintiff has failed to prove the negligence of the defendant." (222 App. Div. 187, 188.) This court sustained the instruction, holding that there was " no sufficient basis for a finding of the defendant's negligence unless the plaintiff's intestate when struck by the defendant's car was standing on the curb ". Similarly, in *Fuchs* v. *Brody* (282 N. Y. 627) plaintiff was crossing 96th Street from south to north in the middle of the block and offered testimony that she was struck by the defendant's automobile south of the white line in the middle of the street. In that situation it was proper to charge that the plaintiff must recover on her own theory of the case or not at all, and that, if the jury found that the accident happened north of the white line, their verdict should be for the defendant for the same reason as that given by this court in the *Burger* case (*supra*) because without such a finding there could have been no sufficient evidence of negligence on the part of the defendant or freedom from negligence on the part of the plaintiff. Crossing the street in the mid-

dle of the block and walking beyond the white line, without seeing the defendant's automobile, would in itself have destroyed the plaintiff's asserted cause of action. There is no inconsistency between such decisions and decisions in which such instructions to a jury have been held erroneous. (*Barker* v. *Paulson,* 116 N. Y. 660; *Imbriale* v. *Skidmore,* 252 App. Div. 884; *Tumulty* v. *New York, New Haven & H. R. R. Co.,* 224 App. Div. 131; *Burd* v. *Bleischer,* 208 App. Div. 499.)

In this case there was ample evidence to support a jury's verdict that negligence in the operation of the trolley was a contributing cause of the intestate's death. Whether or not the motor car was moving at the time of collision was not in any sense determinative of this question, and we accordingly hold that the requested charge was error which may well have deprived plaintiff Gustavson of a verdict against the Railroad Company.

Examination of the record fails to disclose any merit in Lipton's appeal. Lipton took no exception to the mandatory instruction discussed above but, on the contrary, approved this instruction, requested the court to charge that Gustavson was not entitled to a verdict against either defendant if the Ford car was in motion at the time of impact and took an exception to the court's refusal of this request. Since the charge requested was plainly erroneous under the circumstances of this case, the exception is without merit. Nor do we find merit in any other exception taken in behalf of Lipton.

The judgments, insofar as they dismiss the complaint of Hanna Gustavson, as administratrix, et cetera, against the defendant Southern Boulevard Railroad Company, should be reversed and a new trial granted, with costs against said defendant to abide the event; in all other respects the judgments should be affirmed, with costs against appellant Lipton.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.