WILLIAM T. SLATTERY et al., Respondents, v. MICHAEL J. SMITH, Doing Business under the Name of M. J. SMITH SONS, et al., Appellants.— Action to recover damages for personal injuries sustained when plaintiffs were riding in a funeral car owned and operated by the appellant Sharpe, upon their return trip from funeral services which were held under the direction of the appellant Smith. Judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ. [See post, p. 863.]

TRAVELERS INSURANCE COMPANY, Respondent, v. AMERICAN FOREIGN STEAMSHIP CORPORATION, Appellant.— Action to recover damages for personal injuries suffered by one McGrath, brought by the plaintiff under section 29 of the Workmen's Compensation Law, as insurer of McGrath's employer. Judgment for the plaintiff unanimously affirmed, with costs. The defendant's contentions regarding rulings on evidence were not saved for review, except one, and that ruling was proper as the proffered evidence was irrelevant when it was sought to be adduced. The section of the fall or runner involved in the accident was not produced on the trial, and the charge of the court was of such a character that the jury were free to find under the defendant's proof that the break in the Burton fall occurred at the eye splice or bowline (Tumulty v. New York, New Haven & H. R. R. Co., 224 App. Div. 131, 135; Behan v. Ivanhoe Co., 263 App. Div. 963), that is, the log entries made by third mate Winans and the testimony in the examination before trial of the chief mate Fuhrer. The proof also showed that the defendant, through its officers, had actual knowledge of the defective condition the day before the accident, and also at 10 A.M. on the day of the accident, which occurred at 11:30 A.M. There was proof from the same source that the condition at the eye splice, then made known, ordinarily required the replacement of the entire runner. The latter theory of the facts warranted the jury finding that the break occurred one and a half feet above the eye splice because of the condition at the eye splice. On either theory of the facts a finding of breach of duty was permissible because of the character of the charge of the court, which became the law of the case, and which charge was not the subject of exception or requests to charge by the defendant. In view of the amount of the special damages suffered by McGrath it may not be said that the verdict was excessive. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ.

ETHEL M. WADDEY, Appellant, v. EVERETT WADDEY, JR., Respondent.— Appeals from five orders, or parts of orders, denying appellant's motions to punish for contempt, to require the defendant to post security for future alimony, for an allowance of counsel fees, to increase the rate of alimony, and for other relief. Orders, insofar as appealed from, affirmed, without costs. No opinion. Carswell, Acting P. J., Johnston, Adel and Aldrich, JJ., concur; Lewis, J., not voting.

## (June 26, 1944.)

LAWRENCE W. BRIDGES, Respondent, v. FRANCES GOTTESMAN, Appellant.— Motion to resettle order denied, without costs. [See ante, p. 774.] Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.