EDGAR R. LAZAR, Appellant, v. WESTCHESTER STREET TRANSPORTATION COMPANY, INC., et al., Respondents.

First Department, December 1, 1944.

*Alexander Padowitz* of counsel (*Alexander Padowitz* and *Harry B. Siegel,* attorneys), for appellant.

*David C. Keane, Jr.,* of counsel (*Addison B. Scoville* with him on the brief; *Alfred T. Davison,* attorney), for respondents.

COHN, J. The action is for personal injuries. Plaintiff was injured on the morning of May 16, 1942, at about six o'clock, when an automobile being driven by him and a bus owned by the corporate defendant collided at the intersection of South Fifth Avenue and West Fourth Street in the city of Mount Vernon. The automobile was traveling westerly and the bus was going in a southerly direction. According to plaintiff, while he was proceeding slowly across the intersection, the bus, coming at an excessive rate of speed, ran into the front right side of his motorcar. Defendants, however, claim that the bus came into and across the intersection while plaintiff's car was not even visible; that plaintiff, proceeding at a rapid rate of speed, drove his automobile into the side of the bus.

Upon the trial, plaintiff testified that immediately prior to the collision he engaged his foot brake and was reaching for the hand brake when his car was struck and that his automobile had come to a standstill just before the impact.

At the request of defendants' counsel, the court charged the jury that if they found both vehicles in motion at the time of the occurrence of the accident, their verdict must be for the defendants. The language of the court, duly excepted to, follows: " The Court: The request is that if both vehicles were in motion at the time of the accident the verdict must be for the

defendant. As to that, ladies and gentlemen, the plaintiff is restricted in his attempt to recover a verdict to establishing substantially the story upon which he relies in this lawsuit. The allegation here is that his vehicle was stopped at the time of the collision and that is, of course, a very material factor in this litigation. So that, for that reason I am granting the request of the defendant and charge you that if you find that in fact it was in motion that would be a departure from establishing substantially the allegations plaintiff makes.'' In plaintiff's pleadings it is nowhere alleged that plaintiff's car was not in motion at the time of the collision. Undoubtedly, the trial court in referring to the allegation that the vehicle was stopped at the time of the collision had in mind the testimony of plaintiff and the statement of his counsel to that effect.

In the circumstances of this case, the court's instruction constituted prejudicial error. Whether plaintiff's car was in motion or standing still at the moment of the impact was not determinative of the question of defendants' negligence or plaintiff's freedom from contributory negligence. The outcome of his case did not rest upon the question as to whether plaintiff's car had actually come to a stop before the crash. To select this relatively unimportant fragment of plaintiff's version of the facts and to charge the jury that plaintiff could not recover if he were mistaken as to this, foreclosed from consideration of the jury the broader questions of negligence and absence of contributory negligence upon all the evidence. (*Gustavson* v. *Southern Blvd. R. R. Co.*, 292 N. Y. 309, 315–316; *Barker* v. *Paulson*, 116 N. Y. 660; *Imbriale* v. *Skidmore*, 252 App. Div. 884; *Burd* v. *Bleischer*, 208 App. Div. 499, 501.) '' Undoubtedly there are situations where such an instruction may be proper but only where from the plaintiff's proofs a factor essential to a finding of negligence is open to rejection by the jury. Then, as in any other case, without that element the facts found by the jury would not be sufficient to support the verdict against the defendant, and the court may, and properly should, so charge.'' (THACHER, J., *Gustavson* v. *Southern Blvd. R. R. Co.*, *supra*, at p. 315.) However, in this case whether or not plaintiff's motorcar was moving at the time of the collision was not in any sense determinative of the real issues.

We think, too, that the testimony of plaintiff's wife, who arrived at the scene within ten or twenty minutes after the accident had occurred, as to the position of defendants' bus and plaintiff's car and the skidmarks upon the pavement, should not have been excluded. There was testimony that plaintiff's car

was in the same position an hour after the accident had occurred and that there were no other accidents that morning up to that time. Furthermore, a police officer who arrived on the scene at eight o'clock in the morning was permitted to testify not only as to the position of plaintiff's car at that time but also as to the absence of skidmarks on the pavement.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

UNTERMYER, DORE and CALLAHAN, JJ., concur; MARTIN, P. J., concurs in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.