CoH$r, J.
Theodore S. Jacobs, an infant, sues for personal injuries sustained when, as alleged, he was struck by an automobile owned by defendant Joseph Gelb and operated by the defendant Beatrice Gelb. Jessie Jacobs, his guardian, sues for loss of services.
The infant plaintiff (hereinafter referred to as plaintiff) testified that he had stepped off a safety island on Columbus Avenue, near 64th Street, New York City, to cross to the west side of the avenue; that the lights had turned “red” for north and southbound traffic; that after he had gone about fifteen feet, he heard the noise of an oncoming automobile; that it ivas fifteen feet to his left when he first observed it; that it was traveling northbound at a high rate of speed; and that the left front of the car struck him, causing the injuries of which he complains.
It was the defendants’ claim that the plaintiff ran into the right rear of defendants’ car when the traffic lights were “ green ” for north and southbound traffic.
In a fair charge submitted without exception by either side, the court referred to the jury the issues of defendants’ negligence and plaintiff’s freedom from contributory negligence.
*103 During the course of the jury’s deliberations, one of the jurors sent the following communication to the court: “ If the boy was hit by the side of car, can I consider it contributory negligence of the driver (defendant).” In reply to the query, the trial court, over objection and exception, charged the jury as follows: “ If you determine that plaintiff was hit by the left front of the auto and that defendant was negligent and plaintiff free from negligence, plaintiff may recover. If however you believe defendant’s contention that plaintiff came into contact with the right side of the auto, your verdict would have to be for the defendant.”
We are constrained to hold this charge erroneous. In the light of the evidence, the jury may have believed that defendant Beatrice Gelb was traveling against the lights and not looking ahead and that plaintiff, exercising due care, was attempting to cross the street relying on defendant’s compliance with the traffic regulations. The jury, too, may have found that plaintiff was mistaken as to the part of the car which struck him. Yet, despite such findings, under the instructions as given, the jury was bound to find for the defendants.
, It is only where the finding of a specific fact is completely determinative of the issues, that it can properly be made the basis of an instruction such as given here. In this case, the portion of the automobile which came into contact with plaintiff was not at all conclusive on the issues of negligence and contributory negligence. To advise -the jury that if it believed defendant’s contention “ that plaintiff came into contact with the right side of the auto,” its verdict “ would have to be for the defendant ’ ’, foreclosed from the consideration of the jurors the broader issues of negligence and absence of contributory negligence and constituted prejudicial error. (Gustavson v. Southern Blvd. R. R. Co., 292 N. Y. 309; Barker v. Paulson, 116 N. Y. 660; Lazar v. Westchester St. Transp. Co., 268 App. Div. 387; Imbriale v. Skidmore, 252 App. Div. 884.)
We also rule that the report of the accident signed and filed by defendant Beatrice Gelb with the Commissioner of Motor Vehicles should have been received in evidence. A diagram of the scene of the accident drawn by Beatrice Gelb appears on the face of the report. Whether her sketch of the occurrence contradicted her testimony to the effect that the plaintiff before the impact was never in front of. her automobile, was an issue of fact for the jury. Accordingly, the exclusion of the report was improper. “ In a civil action the admissions by a party of any *104 fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made.” (Reed v. McCord, 160 N. Y. 330, 341; see, also, Nagel v. Paige, 264 App. Div. 231.)
The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Martin, P. J., Dore, Callahan and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.