Appeal from a judgment of the Supreme Court, in favor of plaintiffs, entered April 9, 1946, in Bronx County, upon a verdict rendered at a Trial Term.

Per Curiam.

The accident giving rise to this action was a collision between plaintiff’s bicycle and the defendant’s bus. Plaintiff’s contention was that the bus ran into the rear of the bicycle, and defendant’s contention was that while the bus was passing plaintiff, the bicycle swerved into the side of the bus. The court’s charge, after generally describing negligence as a want of reasonable care under the circumstances, specifically gave the plaintiff’s version of the accident and said of the defendant’s version: “ The witnesses of the defendant have described the situation differently. You have heard the explanation that they have made of the accident. That constitutes the question of fact which you are called upon to consider and determine.”
Defendant’s counsel made a request to charge that "45 " if they believe from the evidence in this case that while the bus was passing this little girl the bicycle swerved and swerved into the side of the bus, and that is the way the accident happened, the verdict must be for the defendant.” The court refused the request, saying that he did not want to charge that specifically, and saying to the jury, “ 6 * 6 you have heard the testimony; I have indicated to you what the issue is. You will determine the issue as it has been presented to you.” An exception was taken to the refusal to so charge.
We agree with the propositions of law urged upon us by the plaintiffs, that when the judge has made a full and fair charge he is not bound to charge upon request how the jury should report if they find one way or the other as to particular facts, and that error may not be predicated upon a refusal to charge a request of matter that has been substantially covered in the main charge. Ordinarily, therefore, it would not have been error for the court to refuse to charge as requested.
Our concern in this case is due to the fact that the court simply presented the matter to the jury as a question between the specified claim of the plaintiff and the unspecified claim of the defendant, and then refused to charge that if the jury believed the facts to be as claimed by defendant they should bring in a verdict for the defendant. We think that under the particular circumstances the request should have been granted and that it was error not to charge as requested. The considerations suggested in the dissenting opinion can better be covered by a retrial with a more adequate charge, which will avoid any occasion for the request made here.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Martin, P. J. (concurring in part): I concur in the Per Curiam opinion, reversing the judgment in favor of the plaintiffs, on the ground that the trial court committed error in refusing to charge as requested by the attorney for the defendant. The main charge failed to adequately present the issue.
I am also of the opinion, however, that the verdicts in favor of the plaintiffs are contrary to the overwhelming weight of the credible evidence.
The complaint alleges that the “ defendant failed to have said omnibus under proper and reasonable control and failed to avoid coming in contact with the infant .plaintiff, who was in plain view and operated the same at a high and excessive rate of speed and failed to observe the rules and regulations of the road and failed to exercise reasonable care under all the circumstances.”
The plaintiffs’ bill of particulars contains, in almost the same language as the complaint, the allegation that the defendant was negligent in failing to have its omnibus under proper and reasonable control, failing to avoid the infant plaintiff, and operating the omnibus at a high and excessive rate of speed. *992 The only witness called by the plaintiffs to testify to the manner in which the accident happened was the infant plaintiff. She testified she was riding south on the Grand Concourse on the westerly side of the westerly roadway. She said: “ I was riding down slowly and then the light was green and I saw the light change. * * e I was going straight and I turned around and I saw the bus coming. * * * He coiné up and banged me in my back wheel. My bike fell and my left arm went under his right front tire.”
She further testified that she had been traveling in a straight line before the accident and did not move either to the left or right and that she did not hear any horn blown. On cross-examination she said that no other busses were going south on the Grand Concourse; that she saw the bus coming but continued in a straight line and the next thing she knew the accident happened.
The plaintiffs failed to introduce any other testimony to establish that the omnibus was not under reasonable and proper control. No evidence was submitted to establish that the vehicle was operated at an excessive rate of speed.
The defendant called as a witness the driver of the bus, John Smith. He said that he saw the infant plaintiff on the bicycle before the accident happened He sounded his horn when he was fifty feet behind her. He reduced the speed of the bus and then the infant plaintiff swerved her bicycle into the side of the bus. His testimony on this point is as follows:
“ Q. As you approached her, just what happened? * * * A. Well, I had blown my horn, and as I approached the girl I reduced my speed due to the fact that I had seen the girl on the bicycle by a bus stop. I was going at a slow rate of speed, and as I was passing the girl and had got past her at least — well, I will say — two or three feet or so, this girl swerved her bicycle into the side of my bus. I swerved my bus to avoid it to the left side of the road.
“ Q. At any time, did the front of your bus hit the rear end of this bicycle ? A. No, sir.
“ Q. About how much space separated the right side of your bus and this girl as you passed her? A. About five foot, sir.”
The defendant also called two disinterested eye-witnesses to the accident. Bach was employed by the City of New York. Philip Coleman was yardmaster in the New York City Transit System. He testified that he and a friend, Leroy L. Lennon, were standing at the corner of 20th Street and the Grand Concourse and saw the accident occur. Mr. Coleman’s testimony is as follows:
“ Q. Just tell this jury, in your own words, just what you saw of this accident? A. Mr. Lennon and myself were standing there right over the subway entrance and I was facing north, and I noticed this bus coming along. At the same time, I saw this girl on a bicycle. I would say the bus was about in the center of the road and the girl riding the bicycle was five or six feet out from the curb. And, they were along parallel, the bus caught up with her. He went along parallel and the bicycle seemed to wobble and the girl fell over into the side of the bus. It seemed — right away the bus driver stopped the bus. We ran out to give some assistance and had him back the bus up a little bit to free the girl’s arm.
“ Q. As this bus approached and passed this girl on the bicycle, did the bus hit the girl’s bicycle. A. No.
“ Q. Did any part of the front of this bus hit the girl on the bicycle? A. No, sir.
*993 “ Q. When you say, started to wobble, which way did it go? A. The bicycle went into the left, right into the side of the bus. The bicycle fell to the left.
“ Q. Swerved to the left; is that right? A. That’s right.”
Leroy L. Lennon was employed as a motorman on the New York City Transit System. He corroborated the testimony of Mr. Coleman in every respect. He particularly stated: “ The next thing I seen was the bicycle turned sharply to the east and the front wheel hit the bus on the right-hand side between the door and the number on the bus.”
In view of the physical facts and the testimony of the disinterested eyewitnesses to the accident, which directly contradicts that given by the infant plaintiff, I think the jury’s verdict is against the weight of the evidence.
I, therefore, vote for a new trial not only on the ground of error in refusing to charge as requested in view of the main charge but because the verdict is against the weight of the credible evidence.
Callahan, J. (dissenting). The infant plaintiff has recovered a jury verdict for damages for personal injuries which she sustained on May 27, 1944, while riding a bicycle in a southerly direction on the westerly driveway of the Grand Boulevard and Concourse near 200th Street in the borough of The Bronx, City of New York.
The accident happened at approximately 11:00 a.m. on a clear day. The westerly driveway is about thirty or thirty-five feet wide, and is used for southbound traffic. Plaintiff was riding about five or six feet from the westerly curb. The defendant’s bus caught up to and was about to pass her. The bus was eight or ten feet wide. There was no traffic or obstruction to the east of the bus. The driver admitted that he saw plaintiff when he was fifty feet north of her. He further stated that at the time of the accident he was only eight or ten feet from the westerly curb. This would have permitted the jury to find that when he attempted to pass plaintiff the right side of the bug was only two or three feet east of the bicycle.
There was a dispute as to how the accident happened. Plaintiff stated that she was riding straight ahead, parallel with the curb when the bus struck the rear wheel of her bicycle. Defendant’s witnesses stated that plaintiff’s bicycle swerved suddenly to the left and struck the side of the bus.
Coneededly, after the accident the plaintiff was found lying on the pavement alongside the front right wheel of the bus which was just behind the front door. There was no evidence of any injury to the bicycle, except that it was broken in the rear. Other physical facts involved in the accident would seem to support plaintiff’s story.
The only substantial claim of error is the refusal of the trial court to grant defendant’s request to charge which was couched as follows: “ I ask your Honor to charge the jury, if they believe from the evidence in this case that while the bus was passing this little girl the bicycle swerved and swerved into the side of the bus, and that is the way the accident happened, the verdict must be for the defendant.”
It is to be noted that the request refers to the bus passing plaintiff, but does not contain any statement as to the bus being at a reasonably safe distance away from plaintiff when it attempted to pass. In my opinion it did not constitute reversible error for the trial court to refuse such a request. Upon the evidence in this case the jury would be entitled to find that a proximate cause of the accident was the closeness of the bus to the plaintiff, and that the accident might not have happened, even if the bicycle did swerve somewhat, but for this circumstance.
*994 Furthermore, the request would have withdrawn from the jury the basic question of defendant’s negligence, which would have been improper (Kellegher v. Forty-Second St. R. R. Co., 171 N. Y. 309; Lazar v. Westchester St. Transp. Co., 268 App. Div. 387; La Grande v. Abbott, 266 App. Div. 507; Rivisto v. Heller, 253 App. Div. 351; Callahan v. New York Railways Corp., 235 App. Div. 219).
A request such as the one under discussion would be proper only when, from the plaintiff’s proof, a factor essential to a finding of negligence is open to rejection by the jury and where, without a finding on that factor in plaintiff’s favor, there would be no sufficient evidence of negligence or freedom from contributory negligence on plaintiff’s part (Gustavson v. Southern Blvd. R. R. Co., 292 N. Y. 309, 315).
Here the sole factor involved in the request was the course pursued by plaintiff’s bicycle. Under the circumstances in this case the resolution in plaintiff’s favor of the dispute concerning this factor was not necessarily controlling upon the determination of the issue of negligence. The course pursued by the bus was an equally essential factor relating to that issue,
I vote to affirm the judgment.
Dore and Peek, JJ., concur in Per Curiam opinion; Martin., P. J., concurs in part in opinion; Callahan, J., dissents in opinion in which Glennon, J., concurs.
Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.