Cohn, J.
Plaintiffs were tenants in a multiple dwelling owned by defendant, which maintained a laundry in the basement for *217 the tenants’ use. On the day of the accident plaintiff Gertrude Grynbaum (hereinafter referred to as plaintiff), as she testified, entered the laundry with some clothes she intended to wash. She noticed a pool of soapy water about four or five feet in diameter around a drain located in the center of the room. When plaintiff entered the laundry, she placed her bluing and soap on the gas range and then proceeded to the washing machine. As she was returning to get the soap and bluing preparatory to starting her washing, she slipped and fell in the pool of water and sustained injuries for which this suit was instituted. On several previous occasions she had observed a similar accumulation of water at the drain and had complained of this condition to defendant’s superintendent and handyman.
At the trial defendant denied notice of the alleged defective condition and contended that on the day of the accident there was no water at the drain but that plaintiff had slipped on water which she herself had caused to spill to the floor while laundering.
Defendant was under a duty to keep the drain and the cover thereof in the laundry clean and in good repair. (Multiple Dwelling Law, § 77, subd. 4.) As a tenant, plaintiff had the right to the use of the laundry.
The sole issue raised by appellant is alleged error committed by the trial court in its charge to the jury. The court stated: “ Whereas the plaintiff claims that she fell before she had undertaken to do any work, before she had begun any laundering, the defendant claims that she was the one who was engaged actively in laundering that morning and that she had caused the water to accumulate. And I charge you that upon the record made in this case, that question is of critical importance and significance. If you determine adversely to the plaintiff on that question — if you decide that she was actively engaged in laundering, that this accident did not happen before she began but during'the course of her laundering — in no event can there be any liability on the part of this defendant to these plaintiffs. Your verdict must be announced as one for the defendant.” To this, plaintiffs’ attorney duly excepted.
Though plaintiff might have done nothing to cause the pool of water to accumulate at the drain, by its instruction, the court directed the jury to find for the defendant if it fonnd that plaintiff was engaged in laundering at the time she was injured. The court did not define what was meant by ‘ ‘ actively engaged in laundering ” or “ course of her laundering ”,
*218 In the circumstances we think that the charge was erroneous. Whether plaintiff was actively engaged in laundering -at the moment of her fall, was not completely determinative of the' issues involved. The jury may well have found that she was engaged in laundering when the accident occurred. Such finding, however, would not bar recovery if the jury believed that the accident was attributable to the negligence of the defendant in permitting the drain to remain clogged and that there was no contributory negligence on the part of the plaintiff. In Jacobs v. Gelb (271 App. Div. 101) this court had before it a like question. The pertinent rule was stated as follows (p. 103): “It is only where the finding of a specific fact is completely determinative of the issues, that it can properly be made the basis of an instruction such as given here. In this case, the portion of the automobile which came into contact with plaintiff was not at all conclusive on the issues of negligence and contributory negligence. To advise the jury that if it believed defendant’s contention ‘ that plaintiff came into contact with the right side of the auto,’ its verdict ‘ would have to be for the defendant ’, foreclosed from the consideration of the jurors the broader issues of negligence and absence of contributory negligence and constituted prejudicial error. (Gusravson v. Southern Blvd. R.R. Co., 292 N. Y. 309; Barker v. Paulson, 116 N. Y. 660; Lazar v. Westchester St. Transp. Co., 268 App. Div. 387; Imbriale v. Skidmore, 252 App. Div. 884.) ”
The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Martin, P. J., Glennon, Dore and Peck, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.